Indianapolis & Vincennes Railway Company *v.* Backus, Treasurer, *et al.*

No. 16,800.

## INDIANAPOLIS & VINCENNES RAILWAY COMPANY *v.* BACKUS, TREASURER, ET AL.

TAXES.—*Tax Law of 1891.—Assessment of "Railroad Track" and "Rolling Stock."—Due Process of Law.—Equal Protection of the Law.—Constitutional Law.*—Under the tax law of 1891, the only real difference in the assessment of "railroad track" and "rolling stock" and other property is that other property is valued and assessed by assessors and county boards of review, with a right of hearing on the part of the owners of such property, before the county board of review, which is vested with power to correct errors, and a right of appeal is given from such board to the State board; while property denominated "railroad track" and "rolling stock" is valued and assessed in the first instance by the State board, with a right of hearing before such board, to the owners of such property, with power vested in such board to correct errors. The difference in the mode of assessment is not such as denies to owners of such railroad property the "equal protection of the law," nor does it deny them "due process of law."

SAME.—*Railroad.—Importation of Values.—Unit Rule of Valuation.—Interstate Commerce.*—The tax law of 1891 is not invalid as authorizing the importation of values, by reason of considering the road as a unit and taking such value for assessment as the part of the road lying within the State bears to the whole road, and such a mode of assessment does not interfere with interstate commerce.

SAME.—*State Board of Tax Commissioners.—Finality of Action.—Fraud.*—The record required to be kept by the State board is final and conclusive, and the court can not inquire into the assessment made by the State board, unless it be attacked for fraud.

SAME.—*State Board of Tax Commissioners.—Not a Judicial Tribunal.—Constitutionality of Act Creating.*—The tax law of 1891 is not invalid as conferring judicial powers upon the State Board of Tax Commissioners, the Constitution requiring that judicial officers shall be elected by the people, and the law providing that two members of said board shall serve by appointment, and the other members being executive and administrative State officers.

SAME.—*State Board of Tax Commissioners.—Fixing Values on a Wrong Basis.*—The record of the State board does not show that values were fixed on a wrong basis.

From the Marion Circuit Court.

*J. M. Butler, Sr., A. H. Snow, J. M. Butler, Jr.*, and *S. O. Pickens*, for appellant.

*A. G. Smith*, Attorney-General, *S. C. Claypool, J. W. Claypool* and *W. A. Ketcham*, for appellee.

OLDS, J.—This is a suit brought by the appellant against the appellees to enjoin the collection of taxes assessed against the appellant railway company by the State Board of Tax Commissioners of Indiana. The appellant is a corporation organized under the laws of Indiana, and is the owner of a railroad in the State of Indiana, which is under lease to, and operated by, the Pennsylvania Company, a corporation engaged in interstate commerce, and organized under the laws of Pennsylvania; and its railroad track and rolling stock were assessed for taxation by the State Board of Tax Commissioners, under the act of the Legislature of Indiana, approved March 6, 1891.

The principal question involved in this case relates to the constitutionality and validity of the law under which the appellant's property was assessed, but some other questions are also presented by the record.

It is urged that this law is invalid, principally, for two reasons:

*First.* That it denies to railway companies due process of law touching the valuation and assessment of their property denominated by the act "railroad track" and "rolling stock," and, therefore, it is in conflict with section 1, article 14, of the Constitution of the United States, and section 12, article 1, of the Constitution of Indiana.

*Second.* That it denies to railway companies equal protection of the laws as guaranteed by said section 1, article 14, of the Constitution of the United States, in that it grants to owners of other classes of property a hearing before a board authorized to correct errors in valuations and assessments, and denies this right to railway corpora-

tions, who are persons within the meaning of the Constitution.

The view we take of the statute is that the only real difference in the assessment of "railroad track" and "rolling stock" and other property is, that the other property is valued and assessed by assessors and county boards of review, with a right of hearing on the part of the owners of such property before the county boards, and power vested in the county boards to correct errors, with a right of appeal to the State board; while the property denominated "railroad track" and "rolling stock" is valued and assessed in the first instance by the State Board of Tax Commissioners, with the right of hearing before such board granted to the owners of such property, and power vested in that board to correct errors; that by section 114 of the act power is given county boards to correct errors on showing made by the property owners, and by section 129 the same power to correct errors given to county boards by section 114 is given to the State board in relation to property over which it has jurisdiction.

The act requires that railway companies shall submit to the State board, through the auditor of State, verified schedules of their property and its value, and makes it the duty of the State board to value and assess it, and fixes the time for the sitting of the State board, and gives such board the same power vested in the county boards to correct errors in valuations and assessments on proper showing.

The law, we think, is not obnoxious to either section 1, article 14, of the Constitution of the United States, or section 12, article 1, of this State, for it does not deny to railroad corporations due process of law or equal protection of the laws.

It is further urged that the law is invalid for the reason that it provides for an unwarrated method of valuation and assessment of railroad tracks and rolling stock, in

that it authorizes the State Board to take into considera-
tion the connections which a railroad has with other and
interstate roads, and provides for a mileage valuation in
proportion to which the mileage in a subdivision of the
State bears to the whole number of miles within the
State; that such mode of valuation imports values from
beyond State lines, and taxes values properly taxable
in other States.

We do not think there is any valid objection to the law
on this account. A railroad becomes valuable by reason
of its connections and terminals, and they are proper to
be considered, and does not import values. It is further
urged that the law imposes a tax and unauthorized bur-
dens on interstate commerce by reason of the method
prescribed for the valuation of railroad property operated
in the business of interstate commerce, but this question
is involved in the next preceding question, and holding
the method legal is a holding that it is not a tax on
interstate commerce, but is a taxation of the property used
in the business of interstate commerce, which is not im-
posing unauthorized burdens on interstate commerce.

Having held the law valid it follows that the State board
had exclusive jurisdiction in the valuation and assessment
of railroad property denominated "railroad track" and
"rolling stock," and such valuation and assessment could
only be attacked and set aside for fraud on the part of the
assessing board, and that is not what is sought to be done
in this case. The record required by the act to be kept by
the State board is final and conclusive, and no evidence
was competent to be introduced in the case, as the court
had no authority to inquire into the assessment unless it
was attacked for fraud. The record of the board, we think,
shows affirmatively that the valuation fixed upon the rail-
road property denominated "railroad track" and "rolling
stock," was fixed upon such property as was within the
State, and that the law does not necessarily authorize a

construction requiring the State board to import values, even if they could do so, and that the record shows that the board so construed the laws as that they did not import values.

It is contended that the record affirmatively shows that the board fixed values on a wrong basis. We are referred to a recital in the record upon which this contention is based, but we can not agree with such contention. It is finally contended that the act creating the State board, and defining its powers, is unconstitutional and void, for the reason that judicial powers are conferred on the board, some members of which are executive and administrative State officers, and that it creates two State offices, and provides for them being continually filled by appointment, whereas the Constitution requires that judicial officers shall be elected by the people.

We do not think this portion of the law is invalid.

The same questions presented in this case are presented and fully discussed and decided in the cases of the *Cleveland, etc., R. W. Co.* v. *Backus*, 133 Ind. 513, and the *Pittsburgh, etc., R. W. Co.* v. *Backus*, 133 Ind. 625; and upon the decisions in these cases, and the reasons there given, the decision in this case is based. There is no error in the record.

Judgment affirmed.

Filed February 18, 1893.