Evansville and Terre Haute Railroad Co. *v*. West, Treasurer, *et al.*

Filed Nov. 15, 1894.

---

No. 16,880.

EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY *v.*
WEST, TREASURER, ET AL.

TAXES.—*Law of 1891.*—*Constitutionality of Act.*—*State Tax Board.*— *Cases Followed.*—The questions presented by the complaint in this case as to the powers, duties, privileges and procedure of the State Board of Tax Commissioners under the act of March 6, 1891 (Acts 1891, p. 199), and as to the constitutionality of said act, are the same as those decided in *Cleveland, etc., R. W. Co.* v. *Backus, Treas.*, 133 Ind. 513; *Indianapolis, etc., R. W. Co.* v. *Backus, Treas.*, 133 Ind. 609; *Pittsburgh, etc., R. W. Co.* v. *Backus, Treas.*, 133 Ind. 625; which cases are here followed.

SAME.—*Delinquent Taxes.*—*Penalties and Interest.*—*Law of 1891 Construed.*—Under the tax law of March 6, 1891 (Acts 1891, p. 199), considering it as a whole, nonpayment of the April installment carries into delinquency the whole tax, to which is added a penalty of ten per centum; if such taxes are not paid, but are still delinquent in November, an additional burden of six per centum thereon is imposed; if the April installment is paid, and only the November installment is delinquent, but ten per centum can be added; and to these penalties no additions can be made in the way of either penalties or interest, however long the delinquency continues.

SAME.—*Payment "On Account."*—*Effect of Such Payment.*—Where, within the time for paying the April installment of taxes, a payment is made to the treasurer equal to such installment, with instructions to apply the same "on account," the law is complied with, and the whole tax does not become delinquent, though the sum paid is not actually applied to April installment. It is otherwise, however, if a sum less than such installment is paid.

From the Gibson Circuit Court.

Evansville and Terre Haute Railroad Co. *v.* West, Treasurer, *et al.*

*J. E. Iglehart* and *E. Taylor,* for appellant.

*A. G. Smith,* Attorney-General, *J. W. Kern, L. O. Bailey, W. A. Ketcham, S. R. Hamill, W. W. Ireland, W. D. Robinson, J. T. Beasley* and *A. B. Williams,* for appellees.

HACKNEY, C. J.—The appellant sued the appellees, James A. West, treasurer of Gibson county, John F. Saunders, treasurer of Vanderburg county, John Walz, treasurer of Posey county, G. W. Donaldson, treasurer of Knox county, Jonathan Scott, treasurer of Sullivan county, Gus A. Conzman, treasurer of Vigo county, Ernest Mueller, treasurer of Clay county, F. H. Hoffman, treasurer of the city of Vincennes, W. W. Hauck, treasurer of the city of Terre Haute, A. C. Fogas, treasurer of the city of Mt. Vernon and John McDonough, treasurer of the city of Evansville, and sought to enjoin the enforcement of such taxes as were levied, computed and placed upon the tax duplicates of the several counties and cities named, upon the basis of valuations by the State Board of Tax Commissioners of the railroad and rolling stock of the appellant in said several counties and cities as made September 8, 1891, and in so far as the same was in excess of the valuations thereof returned by the appellant.

The lower court sustained the demurrers of the appellees to the complaint, and judgment was rendered in their favor upon failure by the appellant to plead further. That ruling is the only error presented by the record.

Upon the appeal herein, this court granted a restraining order by which the enforcement of the taxes complained of was stayed until ordered otherwise. The appellees now move the dissolution of this restraining order.

The questions presented by the complaint are identical

with those fully considered and decided by this court, as to the powers, duties, privileges and procedure of the State Board of Tax Commissioners, created and imposed by the act of the Legislature of Indiana, approved March 6, 1891 (Acts 1891, p. 199), and as to the constitutionality of said act, in the cases of *Cleveland, etc., R. W. Co.* v. *Backus, Treas.*, 133 Ind. 513; *Indianapolis, etc., R. W. Co.* v. *Backus, Treas.*, 133 Ind. 609; *Pittsburgh, etc., R. W. Co.* v. *Backus, Treas.*, 133 Ind. 625, and as confirmed in said cases, upon certification to the Supreme Court of the United States, May ——, 1894.

Upon the authority of those cases this case must be affirmed and the restraining order dissolved.

In addition to the questions originally presented by the complaint the parties now present for consideration certain questions as to the proper penalties or penalties and interest collectible from the appellant upon its several delinquencies in the payment of the taxes involved in this suit.

It is alleged that in some instances it is proposed to compound penalties; that in others penalties of ten per centum and of six per centum, with interest added, are demanded; that in still others such penalties, with interest compounded, are claimed, and in still others, and where, before delinquencies, payments were made, equal to or in excess of the first installment, with directions to apply the sums paid "on account," it is claimed that such installment became delinquent and that penalties attached on account thereof.

Section 152 of the tax law, Acts 1891, p. 260, is as follows: "Any person or taxpayer charged with taxes on the tax duplicate in the hands of a county treasurer may pay the full amount of such taxes on or before the third Monday in April, or may, at his option, pay the first installment on or before such third Monday, and

the remaining installments on or before the first Monday of November following: *Provided, however,* That all road taxes charged shall be included in the first installment: *And, provided further,* That in all cases where the first installment shall not be paid on or before the third Monday in April, the whole amount unpaid shall become due and be returned delinquent, and collected as provided by law, and there shall be a penalty added of ten per cent. upon the amount of any installment not paid when due, which the persons or property assessed shall pay, together with cost of collection, and, if such taxes remain delinquent at the succeeding first Monday in November, there shall be a penalty of six per centum added to all such taxes that become delinquent at the preceding April and November settlements, and a penalty of ten per centum only shall be added to the current delinquency occurring on the first Monday in November."

From this section, and other provisions of the act, it is manifest that the whole tax of any year is due on the third Monday in April succeeding, and the privilege of paying without penalty any part thereof in November thereafter is upon the condition that the first installment be paid on or before the third Monday in April. This intention is made clear by the second proviso of the above quoted section. Having paid the April installment and permitted the November installment to become delinquent, the section quoted provides a penalty against the property of ten per centum of such November installment. If the April installment is not paid, the whole tax is delinquent, and a penalty of ten per centum thereof is to be added, "and if such taxes remain delinquent at the succeeding first Monday in November, there shall be a penalty of six per centum added," not to the delin-

quent taxes and penalty, but, as the act plainly states, it is "added to all such taxes as become (became) delinquent at the preceding April and November settlements."

The concluding provision of said section 152, that "a penalty of ten per centum only shall be added to the current delinquency occurring on the first Monday in November," is intended to provide a penalty where such installment only is delinquent, and is a denial of the right to add the six per centum, which is the special penalty for permitting the year's taxes to pass two paying periods without payment.

The appellant insists that the six per centum is not added until the delinquency shall have continued one full year, that is, until the next annual third Monday in April. As has been seen, we do not agree with this conclusion. The idea pervading the statute is that payments shall be made promptly, and delinquents coerced without delay, and the theory that three paying periods shall pass before the addition of the second penalty, is not tenable. We find no authority in the act for compounding the penalties, that is, for adding anew either penalty from year to year during the delinquency, nor is there any reasonable construction of the act permitting the six per centum provided by said section 152, to be calculated upon both the delinquent tax and the ten per centum thereof added as the first penalty.

As said in *Roseberry* v. *Huff*, 27 Ind. 12: "Taxes once delinquent remain delinquent until they are paid. It can not, in any legal sense, be said that taxes already delinquent, become delinquent at each successive year of their nonpayment."

The question as to charges of interest upon delinquent taxes is not free from doubt. The word *interest* is employed in the act, with reference to the charges upon

delinquent taxes and the enforcement thereof, in sections 163 (p. 264 *et seq.*), 167, 169, 172, 173, 177, 180, 183, 184, 185, 187 and 191, while in sections 152, 153, 155, 156, 158 and 161 provisions are made with reference to charges against, and the enforcement of, delinquent taxes, without including any item for interest. There is no section in terms providing a rate of interest, and none declaring a charge of annual interest, simple or compound.

The attorney-general concedes that no express authority is given for the collection of interest, but he claims, as we understand him, that the charge is authorized by implication, and that the annual rate is supplied by the general statute which provides for six dollars a year on the one hundred dollars for the "forbearance of money," and "on an account stated from the date of settlement," the duplicate constituting the statement and the legally declared delinquency standing as the settlement.

Section 183 of the act provides that: "Between the first Monday of December and the first of January, annually, the county auditor shall make out and record, in a book to be provided for that purpose, a list of lots and lands, returned and remaining delinquent for taxes, * * * describing such lands or lots as the same are described in the tax duplicate, and charging them with the amount of delinquent tax, with interest and penalty of ten per centum on such taxes, also with the taxes of the current year."

Under the tax law of June 21, 1852, it was held, in *Roseberry* v. *Huff, supra,* construing a section in all respects similar to the above, that compound interest could not be charged. It was there conceded, but not decided, that the section authorized the collection of simple interest.

The section above quoted, it will be observed, directs the charge of "interest and a penalty of ten per centum

on such taxes," omitting the six per centum penalty provided by section 152, though the time for making such charge, December, after the November delinquency has arrived. If the general interest statute does not apply, we are required to ascertain the intention of the Legislature from the numerous provisions of the act considered together.

We do not concur in the contention that the general statute supplies the rate of interest. The forbearance of money contemplated by that statute is an indulgence by the creditor and could not have included the neglect of a taxpayer. Tax collectors have no authority to forbear and the failure to pay is visited with expressed burdens only. Neither does the tax imposed by law resemble the account stated. The general statute did not contemplate the addition of interest in the nature of penalties for the failure to discharge a public duty or demand. It only provided the conditions under which contracts for interest upon forbearances would be implied. Taxes and penalties are never imposed by implication.

Our conclusion is that though the word *penalty* is employed in section 152, in providing the burden of six per centum, it was employed in the same sense as the word *interest* is employed in section 183 and other sections. This construction, whether the six per centum is imposed as interest or as penalty, gives the whole act that consistency in its provisions which it can not have by any other construction that has been suggested or that has occurred to us. Ten per centum and six per centum, therefore, are the only burdens imposed upon property, the tax upon which is delinquent and which delinquency is discharged before costs of collection are added. If we look to the six per centum provision of section 152 as supplying the rate of the charge of interest directed by section 183, the inquiry is then suggested

as to whether that rate was intended as an annual rate. If an annual rate, the same rule would apply as in ordinary promissory obligations and the delinquency would be chargeable, each year of its continuance, with interest at the rate so prescribed. We do not believe that an annual rate was intended. If it were the necessary conclusion would be that the delinquency, in November, of the April and November installments, would be chargeable, not with six per centum, but with interest at the rate of six per centum for the period extending from April to November, or but six months, the charge being but three per centum.

If we look to section 152 as supplying the annual rate of interest, it can not be accepted as also providing a direct addition of six per centum as a penalty for the non-payment, in November, of both installments. If we accept the provisions of sections 152 and 183, together, as providing an annual rate of interest on delinquencies, we then have the unusual and complicated rule of requiring the tax duplicate to state no definite amount as due from the delinquent, but as making that amount depend upon the exact duration of the delinquency and the calculation by the treasurer, at the time of payment, of the amount of accrued interest which, when added to the tax and the penalty of ten per centum, would constitute the taxpayer's obligation. This rule would necessarily render great confusion and uncertainty in the settlements between the auditor and the treasurer. These considerations lead us to the conclusion that the Legislature did not intend to require an annual charge of interest on delinquencies, and confirm the opinion that the additions of ten per centum and of six per centum are the only additions contemplated. It is therefore immaterial whether the six per centum is added as a second penalty or as interest. As already suggested, the law

does not contemplate delinquencies extending through a number of years, but it is required by sections 183, 184 *et seq.*, that the delinquencies of any year shall be enforced by sale of the property in February of the next year.

Delays in the performance of official duties were not contemplated, and, as we have said, every feature of the act is ruled by a purpose to induce early payments or to enforce collections without delays. We conclude, therefore, that the nonpayments in April carry into delinquency the whole tax, to which is added a penalty of ten per centum; if such taxes are not paid, but are still delinquent in November, an additional burden of six per centum is added; if the April installment is paid and the November installment is delinquent, but ten per centum can be added, and no other additions can be made, however long the delinquency continues; not so, however, as to costs of enforcing the delinquencies which are not considered by us.

One further question remains: Did payments equal to the April installments, with instructions to apply the sums paid "on account," occasion delinquencies in the April installment and consequently the tax of the whole year?

As we have said, where the first installment is paid, no delinquency arises until the failure to pay the November installment, and we think this requirement is fairly met when a sum equal to the April installment has been paid, though not actually applied to such installment. The purpose of the law is to obtain the tax, and not simply to secure penalties, and when the treasury has received a sum equal to the installment, it has no just right to insist upon more. If, however, a sum less than the amount of the April installment is paid, the condition upon which delay is granted until November has not

been met, and the whole—less the payment—is delinquent and subject to the additions of penalty.

The judgment of the circuit court is affirmed, and the restraining order heretofore issued is dissolved.

Filed June 20, 1894; petition for rehearing overruled Oct. 18, 1894.