THE CITY OF HARTFORD *vs.* JOHN R. HILLS.

First Judicial District, Hartford, January Term, 1900. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Section 3886 of the General Statutes provides that if any tax laid by a
city shall remain unpaid for one month after it becomes due, in-
terest at nine per cent shall be charged thereon, which shall be col-
lectible "as a part of the tax;" and § 3862 provides that the pendency
of an appeal from the board of relief to the Superior Court shall,
subject to the order of the court, suspend action upon the tax against
the appellant, but shall not suspend proceedings in collecting other
taxes. In a suit to collect a tax it was *held* that while the right of
the city to enforce payment by suit or other adversary legal pro-
ceeding was suspended by § 3862, pending the taxpayer's appeal,
the statute imposing interest continued in full force and justified
the city in demanding and collecting interest as a part of the tax
when the validity of the latter had been finally established.

Argued January 4th—decided February 13th, 1900.

ACTION to recover the amount of a tax, brought to the
Court of Common Pleas in Hartford County and reserved by
that court, *Case, J.*, upon demurrer to the answer, for the
consideration and advice of this court. *Judgment advised for
plaintiff.*

*William J. McConville*, for the plaintiff.

*E. Henry Hyde*, for the defendant.

HALL, J. The question in dispute in this action is whether
the defendant, after an adverse decision in November, 1899,
of his appeal from the decision of the board of relief of the
city of Hartford rendered in March, 1898, is now chargeable
with interest at the rate of nine per cent upon a tax found
to have been due on the 15th of July, 1898.

It must be conceded, as stated in *Sargent & Co.* v. *Tuttle*,
67 Conn. 162, 167, "that a tax carries no interest as such,
nor by way of penalty for non-payment, unless the law so

provides;" and that the burden of a tax should not be increased by the addition of interest unless such a purpose of the legislature has been clearly expressed.

On the other hand, it must be borne in mind that a law which expressly imposes such an additional burden must be enforced, though in certain cases it may seem to work an injustice.

Section 3886 of the General Statutes provides that if any tax laid by any town, city or borough, except New Haven, " shall remain unpaid for one month . . . after the same shall become due and payable, interest at the rate of nine per cent shall be charged from the time when such tax becomes due until the same shall be paid, which shall be collectible as a part of said tax," and that the collector shall pay over such additions " as a part of said tax."

Section 87, Title 64 of the Revision of 1866 (which, with certain other sections, is continued in force by § 3902 of the General Statutes in respect to the time and mode of the payment and collection of taxes in Hartford) makes the taxes of the town and city of Hartford " payable and collectible " on or before the 15th of July next after the same are laid, and provides for a discount of two per cent if paid on or before that day; and that on all such taxes remaining due and unpaid after the first day of August next after the same are laid, one per cent shall be added and made collectible as a part of such tax, and that " a further sum of one per cent shall be, in a like manner, added and made collectible, on the first day of each succeeding month thereafter, until such tax is paid."

It is very clearly expressed by these sections that the taxes of the city of Hartford became due and payable on the 15th of July after the same were laid, and that interest is chargeable upon such of said taxes as remain unpaid one month after the same become due and payable.

By the complaint in this action only interest at the rate of nine per cent, as provided by § 3886 of the General Statutes, is claimed.

The defendant must, therefore, be charged with the inter-

est claimed, unless the statute concerning appeals from boards of relief releases him from such liability, or renders the provisions charging such interest inapplicable to him upon the facts in this case.

Section 3860 permits any person aggrieved by the action of a board of relief, to make an application in the nature of an appeal to the Superior Court. Section 3862 provides that such applications shall be preferred cases, to be heard, unless good cause appear to the contrary, at the first session of the court, and that " the pendency of such application shall, subject to the order of the court, thereupon suspend action upon the tax against the applicant, but shall not suspend proceedings in collecting other taxes."

Was it the intention of the legislature, by the provisions of these sections, to so suspend or modify the operation of the law adding interest to overdue taxes, that such interest cannot be charged for the period during which the appeal provided for by this statute was pending?

The language of § 3862 is that the pendency of the application shall suspend *action upon the tax against the applicant.* This means that by taking an appeal the appellant may prevent the community by which the tax was laid from enforcing payment of it by an action against him while the appeal is pending. By *action* is meant the well-known proceedings at law or in equity which may be resorted to for the collection of an overdue tax; such as a levy and sale under a tax warrant, a complaint in the name of the community in whose favor the tax is assessed, as provided by § 3901 of the General Statutes, or an action by such community to foreclose the tax lien, under § 3891.

This language does not mean that all proceedings for the collection of such tax are suspended during the pendency of the appeal. The filing of a certificate for the continuance of a tax lien under § 3896, which may afterwards be foreclosed, is a proceeding in the collection of taxes; but it will hardly be claimed that such a step might not have been taken by the city while the appeal was pending. But if the word " action " has the same meaning as the term " proceedings " in

that section, the accuring of interest upon overdue taxes while an appeal is pending is not thereby suspended.

The statutory provision adding interest to such taxes cannot be called a "proceeding" in collecting taxes, in the sense in which that word is used in this section. The purpose of this law is undoubtedly to induce prompt payment of taxes; but the burden of additional interest is imposed by the State and not by the community collecting the tax. The addition of interest aids in the collection of a tax only as it may cause it to be paid voluntarily. Manifestly it was not intended by this provision to suspend a proceeding the only effect of which could be to induce voluntary payment of the tax during the pendency of the appeal.

The action and proceedings for the collection of taxes which are suspended by the language of § 3862, are not such as are facilitated by the law imposing interest upon unpaid taxes, but proceedings which that law may render unnecessary. The accruing interest is not a part of the proceedings in collecting a tax, but a part of the tax to be collected. We think this provision suspending action upon the tax against the person from whom the tax is due, only means that the community having the right to collect the tax may not institute legal or equitable proceedings to enforce payment while the appeal is pending, except by order of court. But merely suspending the right of action while the appeal is pending, does not suspend the operation of the law by which interest is charged. The running of interest does not depend upon the power of the community to enforce payment of the tax, but upon the duty of the person against whom the tax is assessed to pay it. While a tax lawfully imposed may not be collectible, it is none the less due and payable while an appeal is pending. Neither the appeal, nor the suspension of the right of action upon the tax, postpones the time when the tax is due and payable. By its final judgment upon the appeal taken by this defendant, the Superior Court has decided that this tax was due and payable on the 15th of July, 1898, and that it was then the duty of the defendant to pay it. Although the city has not had the power to collect it by legal process, it has at all times since that date been entitled to receive it.

The suspension of the right of action was for the benefit of the defendant. By his appeal he was enabled to restrain the city of Hartford from enforcing payment of the tax until the courts could pass upon his claim that the tax was invalid. We see no reason why the statutory provision temporarily suspending the right of action, should have any greater effect upon the right of the city to collect interest, than would a temporary injunction procured by the appellant restraining the collection of the tax while the appeal was pending, or than a stay of execution would have upon the running of interest upon a judgment while an appeal was pending.

The taking of an appeal allowed by law from a board of relief, does not of itself relieve the appellant from the payment, after the appeal is decided, of interest for the period during which the appeal was pending. Even when the amount of the tax assessed has been materially diminished upon the appeal, the taxpayer has been held to be chargeable with interest on the remaining part of the tax which was lawfully assessed. *Western Union Tel. Co.* v. *State*, 64 N. H. 265. In the case at bar the entire tax as originally assessed was, upon the appeal, held to be valid. If the mere taking of an appeal stopped the running of the statutory interest on overdue taxes, one who had withdrawn or abandoned his appeal after it had been pending for years would not be chargeable with interest.

If the defendant is not chargeable with nine per cent interest in this action, the city could not have collected the seven per cent interest provided by § 3896, had it proceeded by an action to foreclose its tax lien.

The provision in § 3863 concerning the taxation of double or triple costs, does not affect the question of interest. It applies only to those who appeal without probable cause. If one appeals in bad faith and without probable cause, he ought not to be released from the payment of interest, even if he is compelled to pay double costs; and, clearly not, if the payment of double costs is not required. If he takes his appeal in good faith and with probable cause, as we assume this defendant did, he is not required to pay additional costs.

Having been wholly unsuccessful in his appeal, and having,

until November, 1899, failed to pay his tax, which the Superior Court found was due in July, 1898, we think he is chargeable during that period with the interest made by statute a part of the tax, just as any other person would be who failed to pay his taxes when due.

Judgment is advised for the plaintiff.

In this opinion the other judges concurred.