[No. 13754.   Department One.   November 22, 1916.]

THE STATE OF WASHINGTON, *on the Relation of First Thought Gold Mines, Limited, Plaintiff*, v. THE SUPERIOR COURT FOR STEVENS COUNTY, *W. H. Jackson, Judge, Defendant*.[1]

TAXATION — EXCESSIVE ASSESSMENT — REDUCTION — PENALTY — INTEREST — STATUTES.   Where a taxpayer has suffered an excessive assessment and tendered a sum which he considered fair, based upon a valuation alleged to be consistent with the valuation upon other land, and the tax is set aside and reduced as fraudulently excessive, the amount found due by the court does not draw interest at the rate of fifteen per cent per annum, under Rem. 1915 Code, § 9219, providing that delinquent taxes shall draw interest at fifteen per cent per annum from the date of delinquency; in the absence of any provision in the statute for the payment of interest or the remission of interest where a tax is questioned, either in whole or in part.

SAME.   Interest on delinquent taxes is a penalty, and a penalty that is illegal in part is wholly void.

SAME.   A judgment of the supreme court directing a judgment in a reduced sum for a fraudulently excessive tax does not provide for the fifteen per cent penalty which attaches to delinquent taxes only by force of statute.

Application filed in the supreme court September 26, 1916, for a writ of mandamus to compel the superior court for Stevens county, Jackson, J., to enter a judgment.   Granted.

*L. C. Jesseph*, for relator.

*Howard W. Stull* and *H. Wade Bailey*, for respondent.

CHADWICK, J.—This case is an aftermath of the case of *First Thought Gold Mines v. Stevens County*, 91 Wash. 437, 157 Pac. 1080, reference to which should be made for all material antecedent facts.   When the remittitur went down, counsel for the appellant, relator here, prepared a judgment for an amount equal to an assessment at the established rate upon the values fixed by this court.   The prosecuting attor-

[1] Reported in 161 Pac. 77.

ney objected to the form of the judgment in that it did not provide for interest at the rate of 15 per cent per annum covering the period of delinquency. The court was of opinion that the judgment should have provided for the payment of interest at the rate of 15 per cent per annum on the taxes found by this court to be due, and accordingly refused to sign the judgment. Whereupon the appellant sued out an original writ of mandamus in this court to compel the entry of the judgment.

It is provided that all delinquent taxes shall draw interest at the rate of 15 per cent per annum from the date of delinquency. Rem. 1915 Code, § 9219. There seems to have been no provision made by statute for the payment of interest, or the remission of interest, where the tax is questioned, either in whole or in part, and we are driven to the general principles of the law as they are to be gathered from the adjudged decisions.

*Cottle v. Union Pac. R. Co.*, 201 Fed. 39, is one of the best considered cases that has been called to our attention, and from the many authorities cited therein we gather the following as established principles: That a tax, void entirely, gives no rights and will carry no penalties, either by way of interest or otherwise; that a tax valid in part and void in part will carry a penalty, either by way of interest or otherwise, to the extent that it is valid, if the amount of the tax which is valid can be reasonably ascertained, and unless tender is made of the amount legally due, interest and penalties will attach from the date of delinquency; that, where the amount of the tax is not divisible or the amount that ought to be paid cannot be readily ascertained, as where the tax is so excessive as to warrant a holding that it is arbitrary and, therefore, constructively fraudulent as to the excess, the tax is nevertheless legal within the legal power to tax, and is void only as to the unlawful excess. It is also well established that interest upon a delinquency is no part of a tax. It is sustained only as a penalty to insure prompt payment.

*People ex rel. Johnson v. Peacock*, 98 Ill. 172.   And this is so whether the penalty be in the way of interest, the addition of a certain per cent, or by doubling the tax.   Desty, Taxation, § 130.

Interest upon delinquent taxes is a penalty and not interest within the general acceptation that it is a consideration for the forbearance of money.   *Evansville & T. H. R. Co. v. West*, 139 Ind. 254, 37 N. E. 1009.   This principle is most frequently illustrated in that line of cases holding that, where the legislature passes a law for the taxation of property theretofore omitted as a subject of taxation, it cannot provide for interest from some antecedent date, but must provide some future time within which the tax must be paid, after which interest may be demanded.   In other words, even the state cannot take more than the actual tax, whether under the guise of interest or otherwise, until the taxpayer has failed or omitted to perform a duty imposed by law.

Where a taxpayer has suffered an excessive assessment, he may tender a sum that he considers to be fair, considering the value of his property and the assessment of other like property.   *Landes Estate Co. v. Clallam County*, 19 Wash. 569, 53 Pac. 670.   See, also, *Miller v. Pierce County*, 28 Wash. 110, 68 Pac. 358.

By resorting to the record in the main case, we find that relator made a tender, based upon a valuation which it is alleged is consistent with the valuation put upon other like property, which was refused, and which was made good by a tender in court.   This, under any theory, ought to satisfy the law; for if it be the duty of a taxpayer to make tender at all where a tax is alleged to be fraudulently excessive, a show of willingness, accompanied by tender, is all that can be required, for the actual amount due, being a subject of judicial inquiry, cannot be determined by the taxpayer.   It may be greater or less.

There is another rule that is pertinent, that is, if a penalty is "illegal in part it is wholly void."   2 Cooley, Taxation

(3d ed.), p. 902; *Michigan Cent. R. Co. v. Slack*, Fed. Cas., No. 9,527. This is evident, for the penalty is a thing which is essentially entire, and therefore indivisible, and attaches only when the obligation is certain, or can be made certain by proper calculation.

Respondent relies primarily upon the case of *Western Union Tel. Co. v. State*, 64 N. H. 265, 9 Atl. 547. It was there held that, although an assessment was excessive to the extent that it was reduced after judicial inquiry to the extent of two-fifths, the taxpayer was nevertheless chargeable with interest on what it was finally held he should pay. The court said:

"All other taxpayers either paid their taxes on or before the first of December of these years, or became liable to pay interest thereafter till they did pay them, and justice requires that the plaintiffs should pay interest on their just and equal portion of the public burden due the state on or before the first of December in each of these years. Had the plaintiffs tendered or offered to pay, when due, the sum afterwards found to be their proportional share, and the state had declined or neglected to take the same, a different case would be presented. *Heyward v. Hartshorn*, 55 N. H. 476, 483; *Thompson v. Railroad*, 58 N. H. 524. A taxpayer, appealing from an excessive assessment, may be unable to determine the exact amount which will be found by the appellate court to be his share of the public expense. He may be unable to protect himself against the interest that will accrue after the first of December by paying the exact amount of his tax debt before it is ascertained. But this is not a reason for giving him an exemption that is not enjoyed by his neighbors who do not appeal."

Just how or why a taxpayer should be called upon to pay interest when he has neither failed nor refused to pay that which may be lawful is not explained. The case seems to stand alone. So far as we have been able to find, it has been cited but once. See *Hartford v. Hills*, 72 Conn. 599, 45 Atl. 433. Its holding was not essential to sustain the reasoning of the court. Nor does it even remotely bear upon the real

issue in that case.   The case decided was no more than this:
when a taxpayer contests the whole of a tax as illegal, and
the court finds that it is valid *in toto*, he is bound to pay the
statutory penalty.   No other conclusion could have been ar-
rived at.   Were it otherwise, all penalties could be avoided
by suit.   The New Hampshire case is not cited by either Mr.
Desty or Mr. Judson in their works on Taxation.   Its holding
is not consistent with the law as we gather it from the text
of Cooley on Taxation (3d ed.), p. 901.   The case is referred
to by that author in a foot note, but without comment.   The
text, based upon other cases, which we shall notice, is:   "It
has been held that if the delay is attributable in part to the
state itself  . . .  the collection of a penalty might be en-
joined, and in another case it is said that the penalty should
not be exacted if the delay came from serious doubt of the
validity of the tax."

It would seem that a tax so excessive as to warrant a hold-
ing that it was constructively fraudulent as to the excess,
would make the state chargeable with the delay in its pay-
ment, for no man is bound to pay a void tax.   That the excess
is void, has been held so often by this court that the citation
of the cases is unnecessary.   See the principal case, *First
Thought Gold Mines v. Stevens County*, 91 Wash. 437, 157
Pac. 1080.

In *County of Redwood v. Winona & St. Peter Land Co.*, 40
Minn. 512, 41 N. W. 465, 42 N. W. 473, the court, in dis-
cussing an analogous question, said:

"A penalty for the nonpayment of a tax cannot be imposed
until the person has an opportunity to pay it, and fails to do
so.   What we have heretofore said regarding 'interest' is
equally applicable to penalties.   Now, as the whole tax ex-
tended against a tract of land is an entirety, the owner can-
not pay a part of it without paying the whole; and if a part
of it is illegal, and he pays the whole, ordinarily it would be
a voluntary payment, and he could not recover back the
illegal part.   Hence in such a case his only remedy is to wait
until proceedings are commenced to enforce judgment against

his land, and then defend against the illegal part of the tax; and until it is deducted by the judgment of the court he has had no opportunity to pay the valid part of the tax, and consequently has been guilty of no default. Therefore, whether it be a case of a 'current' tax, or an 'omitted' tax, if the party succeeds in his defence as to part of it as illegal, all the penalties on the *whole* tax previously imposed for its nonpayment were unauthorized, and cannot be included in the judgment. This is precisely the present case. That part of the tax assessed and extended against the lands in 1886 as 'back interest' was, as we have already decided, unauthorized and illegal. To that extent appellant had a valid defence to the tax, which it had a right to interpose, and in which it was entitled to succeed. Until the correct amount of the taxes had been determined by excluding this illegal addition, it had not been in default, and no penalties could be legally imposed."

In another case, it was held that it would be inequitable to charge a taxpayer with penalties for nonpayment until there was a determination of the amount of the taxes due. *United States Trust Co. v. New Mexico*, 183 U. S. 535, citing *Lake Shore & M. S. R. Co. v. People*, 46 Mich. 193, 9 N. W. 249, and *County of Redwood v. Winona & St. Peter Land Co., supra.*

Suits to enjoin the collection of an excessive tax are equitable, and the courts will resort to the principles of equity wherever it is possible to do so in deciding them. The statutes make no provision for the collection of interest from one who has obtained judgment that his tax was excessive. For a court of equity to impose a penalty in the way of interest, or to hold one who has not willfully evaded a tax, or who has not failed or refused to pay the lawful tax, but on the contrary, has insisted upon his legal right to have the amount of his tax legally determined, would be the height of inequity.

The point is made, and with much show of reason, that this is a collateral proceeding to correct our former judgment; that the county should have raised the issue in the former

case.   We regard the question as doubtful.   But inasmuch as interest attaches, if at all, to unpaid taxes by force of statute, we are unwilling to hold that this proceeding does violence to our former holdings that a superior court is without power to modify our judgments.   However, we think it would have been the better practice for the county to have raised the question in the former case, either directly or by way of motion in this court after judgment.

The writ will issue.

Morris, C. J., Mount, Fullerton, and Parker, JJ., concur.