36 So.2d 354

**SMITH, Town Clerk, v. HALL.**

I Div. 565.

Court of Appeals of Alabama.

April 6, 1948.

Rehearing Denied May 11, 1948.

J. B. Blackburn, of Bay Minette, for appellant.

W. C. Beebe, of Bay Minette, for appellee.

HARWOOD, Judge.

The appellee here, designated hereinafter as petitioner, on 19 September, 1941, filed a petition for a writ of mandamus against appellant, hereinafter referred to as respondent, praying for an alternative writ of mandamus to be issued commanding respondent to accept and receipt for certain monies tendered her for certain improvement assessments levied by the Town of Bay Minette on property belonging to the petitioner.

The petition alleges that a valid assessment was levied against the property now owned by him by the Town of Bay Minette, for street improvement purposes, the assessment so levied fixing the interest rate at six per cent, all of which is secured by lien held by the town. That while the total amount of the assessment and interest thereon was due in full and delinquent, the Town Council of the Town of Bay Minette enacted an ordinance, a copy of said ordinance being attached to and made a part of said petition, reducing the rate of interest from six per cent to three per cent for the first year and two per cent for each subsequent year to and including September 18, 1941. This ordinance also provided that it should remain in full force and effect and payment might be made thereunder at any time sixty days after termination of any suit brought to test its validity.

The petition also alleges that the Town owns the assessment herein involved, and that same has not been assigned or pledged.

The respondent appeared, waived the issuance of the alternative writ, and demurred to the petition on the grounds that said ordinance seeking to reduce the

amount of interest due on the assessment was violative of Section 100 of the Constitution of Alabama.

The petition originating this cause was filed in the lower court on 19 September 1941. The judgment and order of the lower court here appealed from was entered 5 February 1947. Appeal from said order being duly perfected to this court, the cause was submitted on 16 December 1947.

The proceedings below raise only one question, namely, whether a municipality which owns a public improvement assessment against property in the municipality may reduce the interest rate on such assessment retroactively.

Section 100 of our Constitution is as follows:

"No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be extinguished except by payment thereof; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; provided, that this section shall not prevent the legislature from providing by general law for the compromise of doubtful claims."

■ The above section governs county and municipal officers as well as the Legislature. New Farley National Bank v. Montgomery County, 203 Ala. 654, 84 So. 815.

Section 100, supra, however, by its very words pertains to the obligation or liability of any *person, association, or corporation* held or owned by this state, county or municipality thereof. (Italics ours.)

Municipalities may make street improvements and assess the cost thereof against the abutting property. The municipal governing body fixes the amount of the assessment for such improvement, and the governing body has no power to reduce or abate an assessment for such public improvement after it has become final except in cases where appeals are taken within the time allowed. All such assessments bear "interest" as fixed at not exceeding eight per cent per annum after the expiration of thirty days from the date on which the assessment is made final. See generally Chapter 11, Title 37, Code of Alabama 1940; Municipal Improvement Act, General Acts 1927, p. 753.

■ However, it is clear under our decisions that assessments levied for public improvements do not create a personal liability against the owner of the property abutting the improvement; only a charge, secured by a lien, is created against the property improved. Ballenger v. Morgane, 225 Ala. 227, 142 So. 657; Hamrick v. Town of Abbertville, 228 Ala. 666, 155 So. 87; City of Huntsville v. Madison, 166 Ala. 389, 52 So. 326, 139 Am.St.Rep. 45; Griffin Lumber Co. v. Neill et al, 240 Ala. 573, 200 So. 415, 134 A.L.R. 286. Thus, the liability or obligation created by a municipal improvement assessment is in rem against the specific property improved, and is not the personal liability or obligation of the owner of such property. It is our conclusion therefore that this municipal assessment for a public improvement was not an obligation or a liability within the purview of Section 100 of our Constitution, supra.

The appellant also strongly urges that the lower court erred in its judgment and order because of the provisions of Section 28, Municipal Improvement Act, supra, now Section 538, Title 37, Code of Alabama 1940, which contains the following provision:

"The governing body shall have no power to reduce or abate an assessment made for public improvements after such assessments shall have been made final, etc."

This contention necessitates a determination as to whether the "interest" sought to be abated constitutes a part of the assessment, for only the reduction of "interest" on the assessment and not the assessment is here involved.

■ As stated by the Supreme Court of Oregon, the power to assess is embraced in, and in its exercise, is a manifestation of the power of taxation. The assessment is a forced charge imposed upon property by the sovereign power and its validity does not depend on any theory of contract. See

Colby v. City of Medford, 85 Or. 485, 167 P. 487.

■ While it is well established that interest on a contractual obligation is a part of such obligation, it is also almost as equally well established that where an obligation grows out of the exercise of sovereign power, and is against property only, then what may be denominated as interest is actually a penalty imposed for non compliance, and as such is not a part of the obligation. State ex rel. Sparling v. Hitsman, 99 Mont. 521, 44 P.2d 747; Livesay v. DeArmond, 131 Or. 563, 284 P. 166, 68 A. L.R. 422; State ex rel. First Thought Gold Mines v. Superior Court for Stevens County, 93 Wash. 433, 161 P. 77; Biles v. Robey, 43 Ariz. 276, 30 P.2d 841; Islais Co. v. Matheson, Cal.App., 35 P.2d 1051; Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 79 A.L.R. 983; State ex rel. Crutcher v. Koeln, 332 Mo. 1229, 61 S.W.2d 750; Grieb v. National Bank of Kentucky's Receiver, 252 Ky. 753, 68 S.W.2d 21.

Specifically, as to the nature of interest on improvement assessments, several courts have determined that such charge, when imposed in connection with a public improvement assessment is a penalty, and as such might be reduced without violating provisions of their respective Constitutions identical or similar to Section 100 of our Constitution. See Colby v. City of Medford, supra; Whitehead v. Mackey, 62 Okl. 188, 163 P. 124; City of St. Joseph to use of Swenson v. Forsee, 115 Mo.App. 510, 91 S.W. 445.

■ The above principles in our opinion lead to the conclusion that that portion of Section 538, Title 37, Code of Alabama 1940, prohibiting the governing body of a municipality from reducing or abating public improvement assessment after same has been made final in no way precludes the reduction of the interest on such assessments, since such payment, though denominated "interest," is essentially a penalty, and no part of the assessment.

■■ Having concluded that the ordinance here involved is valid, it follows on basic legal principles too well settled to require citation that the action of the respondent, as town clerk, in refusing to accept the amount tendered by the petitioner was without legal excuse. The action of the court below in the premises was therefore correct, and this cause is due to be affirmed. It is so ordered.

Affirmed.