36 So.2d 357

**SMITH, Town Clerk, v. HALL.**

I Div. 333.

Supreme Court of Alabama.

June 30, 1948.

J. B. Blackburn, of Bay Minette, for petitioner.

W. C. Beebe, of Bay Minette, opposed.

FOSTER, Justice.

The question on this petition is controlled by the following facts: A city has made a street improvement and an assessment against property for its cost in whole or in part, and such assessment has been made final as provided by section 538, Title 37, Code, which amount was not paid in thirty days by the property owner, who did not elect to pay in installments, as provided in section 557, Title 37, Code, and on the amount of which assessment the city fixed the interest rate at six percent per annum, the maximum rate authorized by section 557, supra; and has not issued bonds or assigned the claim for said amount. Later, long after the expiration of thirty days, the city council passed a resolution reducing the rate of interest from six percent to three percent per annum for the first year, and two percent for each year thereafter. The property owner is seeking to require the city clerk and treasurer to accept payment at the reduced rate of interest. She has refused to accept such payment on the ground that the city council had no right to make the reduction.

The Court of Appeals held that the contention of the city clerk and treasurer cannot be supported under section 100 of the Constitution, nor any other provision of law. This was based on the fact that section 100 only applies to obligations or liabilities of some person, association or corporation to the city; and that for the tax here involved and the interest on it, there is no obligation or liability of any person, association or corporation, but that the claim is against property only. In this application of section 100, supra, we concur.

But it is insisted that since section 538, Title 37, Code, prohibits the city council from reducing or abating an assessment after it shall have been made final, it would violate that statute to permit the city council to reduce the rate of interest on the amount of the assessment after it has once been fixed.

We cannot agree with that construction of section 538, supra. The amount of the assessment which cannot be reduced is that fixed by making it final. That amount does not include interest, but it is contemplated that the amount of it shall be paid in thirty days thereafter. There can be no interest if it is paid in thirty days. It is not therefore a feature of the assessment, the amount of which cannot be reduced after it is made final. This is made manifest by section 557, section 37, Code, providing that all assessments or installments thereof (If there is an election to pay in installments) shall bear interest at not exceeding six percent per annum after the expiration of thirty days from the date on which the same is made final. That statute does not prescribe a rate of interest, but only a maximum, limiting the power of the city council in fixing such a rate.

It is plain to us therefore that when section 538, supra, prohibits the city council from reducing or abating the amount of an assessment after it shall have been made final, it has reference only to the amount of the assessment which was made final, and had no reference to what the city council might do as to interest if the amount of the assessment as finally made is not paid in thirty days.

When the rights of the city only are to be adversely affected by a reduction of such rate of interest, we know of no law or constitutional provision which would deny the power thus to act.

Many cases hold that "interest" imposed in our tax statutes is a penalty, and that a penalty never vests and its repeal is not a deprivation of vested rights. City of Mobile v. Merchants National Bank, 250 Ala. 159, 33 So.2d 457, where many cases are cited to that effect, as does the opinion of the Court of Appeals in the instant case.

But if not inhibited by section 100, Constitution, we see no reason, nor law, which prohibits a city to reduce the rate of interest on an obligation whether it is strictly "interest" or a "penalty." We do not think that this act of the city council should be interpreted as a remission or reduction of a tax assessment, which we admit is prohibited by section 538, supra.

We think that on the amount of such an assessment, the city council may fix any rate not exceeding six percent per annum, and if the rights of others are not thereby adversely affected, may at any time reduce the rate once fixed, since the situation is not controlled by section 100, Constitution.

Affirmed.

All the Justices concur.