[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1210 
 On Application For Rehearing
This court's original opinion, dated December 8, 1995, is withdrawn, and the following is substituted therefor:
This case involves a class action against the Governor of the State of Alabama and the commissioner of the State Department of Revenue, in their official capacities, challenging the constitutionality of §§ 40-23-36 and 40-23-77, Ala. Code 1975.
Laurie Bolden, acting individually and on behalf of all other similarly situated Alabama taxpayers, and the Town of Camp Hill, acting for itself and on behalf of all other Alabama towns, cities, and counties that use the services of the Department in the administration of sales and use taxes, brought suit: (1) to have the trial court declare that §§40-23-36 and 40-23-77 are unconstitutional; (2) to compel the Governor to rescind any executive orders allowing discounts on sales and use taxes; and (3) to direct the Commissioner to reassess and collect from every retailer in the state any discounts they had received for the timely remission of sales and use taxes to the Department.
The Alabama Retailers Association and several individual retailers intervened and moved to dismiss the complaint, pursuant to Rules 12(b)(1) and (6), Ala. R. Civ. P. The trial court entered a judgment dismissing the complaint. Bolden and Camp Hill appeal.
When a party appeals the dismissal of its complaint, the dispositive issue before this court is not whether that party will ultimately prevail but whether he may possibly prevail.Davis v. University of Montevallo, 586 So.2d 27 (Ala.Civ.App. 1991). Further, we must consider the threshold issue of whether the plaintiffs presented a justiciable case to the trial court.Smith v. Potts, 293 Ala. 419, 304 So.2d 578 (1974). In order for a court to have jurisdiction, there must be a controversy of a justiciable character before it. Smith v. Alabama Dry Dock Shipbuilding Co., 293 Ala. 644, 309 So.2d 424 (1975).
 " 'To present a justiciable case or controversy, the individual plaintiff must have standing to sue; to have standing, the individual must allege an injury directly arising from or connected with the wrong alleged. . . . A person who has not been injured may not sue individually or on behalf of the class, because he or she lacks standing. When there has been a class wrong, any person who was injured has standing to sue. When the action is brought on behalf of a class, the standing requirement is not changed, but [another] dimension is added — the plaintiff must have capacity to raise [common issues on behalf of others].' "
Ex parte Blue Cross Blue Shield of Alabama, 582 So.2d 469,474 (Ala. 1991) (citations omitted). We will address these issues as they relate to each appellant.
 Taxpayer Bolden and the Discounts
A taxpayer has the right to challenge the unlawful disbursements of state funds by state officers. Zeigler v.Baker, 344 So.2d 761 (Ala. 1977). But where, as here, the discounts are merely payment to retailers for services rendered in the collection and timely remission of taxes to the Department, there is no unlawful expenditure of public funds and no palpable injury. See Epps Aircraft, Inc. v. Exxon Corp.,859 F. Supp. 533 (M.D.Ala. 1993), aff'd, 30 F.3d 1499 (11th Cir. *Page 1211 
1994).[1] Because Bolden has suffered no injury, she lacks standing to challenge the constitutionality of §§ 40-23-36 and40-23-77. The trial court properly dismissed her claims.
 Camp Hill and the Sales Tax Discount
Under existing Alabama law, Camp Hill is not required to provide a sales tax discount to retailers. It has the option of collecting its own sales taxes without the help of the Department, thereby circumventing the discount requirements. In fact, cities and towns are required to provide discounts to retailers only where they (1) request the Department to collect the sales taxes and (2) submit a certified copy of the local ordinance levying the tax. § 11-51-180, Ala. Code 1975. By requesting that the Department handle the collection of its sales taxes, Camp Hill has voluntarily chosen to provide the sales tax discount to retailers. The alleged injury is essentially self-inflicted. Because any injury allegedly suffered by Camp Hill results from its own actions rather than from the statute, the town lacks standing to challenge the constitutionality of § 40-23-36. The trial court properly dismissed Camp Hill's claim concerning the sales tax discount provided in § 40-23-36.
 Camp Hill and the Use Tax Discount
The authority of cities and towns to levy and assess use taxes is found in § 11-51-202, Ala. Code 1975:
 "The council or other governing body of all incorporated cities and towns within the State of Alabama is hereby authorized and empowered to provide by ordinance for the levy and assessment of an excise tax or use tax parallel to the state levy and assessment of excise or use taxes as levied by Article 2 of Chapter 23 of Title 40, except where inapplicable or where otherwise provided in this article."
Section 11-51-203(a), Ala. Code 1975, provides that all taxes levied or assessed by a municipality, pursuant to § 11-51-202, are subject to the provisions of Article 2, Chapter 23, Title 40. Section 40-23-77, which is a provision of Article 2, Chapter 23, Title 40, provides:
 "A discount of three percent of the taxes levied by this article due and payable to the state shall be allowed to the seller or vendor; provided, that the taxes due by such seller are paid before same [become] delinquent, as in this article provided."
This section is a legislative enactment of a use tax discount, and, therefore, differs from the provision for the sales tax discount established in § 40-23-36, which simply allows the governor to authorize "the Department of Revenue to provide by proper rules and regulations for the allowance of a discount." Section 40-23-36 does not impose any mandatory requirements upon cities and towns regarding sales tax discounts. The meaning of § 40-23-77, however, is clear; providing a use tax discount is mandatory whether Camp Hill or the Department administers the collection of use taxes. This mandatory requirement applies to cities and towns via §§ 11-51-202 and11-51-203(a).
Camp Hill has not chosen to provide a use tax discount to retailers; the legislature requires the town to provide it. Camp Hill, therefore, has alleged an injury directly arising from or connected with the wrong alleged and has standing to pursue, for itself and on behalf of all other Alabama towns, cities, and counties, the claims regarding the use tax discount required by § 40-23-77.
 Conclusion
Our inquiry does not end with a determination that Camp Hill has standing to bring these claims. We must also examine whether there was a possibility that the town could have prevailed at trial on its claims that § 40-23-77 violates Ala. Const. of 1901, § 94, as amended by Amendment 112, and Ala. Const of 1901, § 100.
A court will not hold a statute invalid unless it clearly falls within a prohibition of the constitution. Rogers v. Cityof Mobile, 277 Ala. 261, 169 So.2d 282 (1964). *Page 1212 
Additionally, a court's power to hold a statute unconstitutional is to be used with great caution. Id.
Ala. Const. of 1901, § 94, as amended by Amendment 112, states, in part:
 "The legislature shall not have power to authorize any county, city, town, or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever, or to become a stockholder in any such corporation, association, or company, by issuing bonds or otherwise."
Camp Hill contends that the discount provided in § 40-23-77 is a legislatively authorized loan of credit or grant of public money to retailers.
After reviewing § 40-23-77, we hold that the statute does not authorize a subdivision of the state to lend credit or grant public money to an individual, corporation, or association; rather, the statute requires a county, city, town, or other subdivision of the state to pay the retailer a fee for acting as its collection agent. See Epps Aircraft, Inc., supra. The retailer does not retain a portion of the use tax revenue; it constructively transfers the entire amount collected and receives 3% in return for services rendered. Id. This interpretation of § 40-23-77, we believe, is reasonable, sensible, and practical. Section 40-23-77 does not violate Ala. Const. of 1901, § 94, as amended by Amendment 112. Therefore, Camp Hill could not have prevailed, and the trial court properly dismissed this claim.
Camp Hill also argues that § 40-23-77 violates Ala. Const. of 1901, § 100, which states:
 "No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be extinguished except by payment thereof; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; provided, that this section shall not prevent the legislature from providing by general law for the compromise of doubtful claims."
Camp Hill contends that the discount requirement in § 40-23-77
acts as a diminution of an obligation owned or held by counties, cities, or towns.
We recognize that § 100 applies to county, city, or town officers as well as to the legislature. Smith v. Hall, 33 Ala. App. 554, 36 So.2d 354 (1948), aff'd, 251 Ala. 44, 36 So.2d 357
(1948). However, we must reiterate our determination that the discount provided to retailers is merely compensation for their collection of use taxes. As stated above, all use tax revenues are constructively transferred, and the retailers then receive a discount. Because this constructive transfer involves all the use tax revenue collected by the retailer, there is no diminution of the obligation held by counties, cities, or towns. Section 40-23-77, therefore, does not violate Ala. Const. of 1901, § 100. Camp Hill could not have prevailed, and the trial court properly dismissed this claim.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
THIGPEN and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.
[1] We recognize that the facts in Epps Aircraft involve an administrative or contractual agreement between the retailer and the city of Montgomery rather than a statutory authorization for such an arrangement. However, that difference does not alter our conclusions in this case.