In re Assessment of Farmers & Miners Savings Bank et al.

Farmers & Miners Savings Bank et al., Appellees, v. W. H. Neighbour, Appellant.

TAXATION: Assessment — "Error in Assessment" Defined — "Omitted" Property. An assessor who, in determining the value of bank stock, deducts from the capital, surplus, and undivided profits of the bank the amount of Federal tax-exempt securities owned by the bank, on the mistaken belief that a legislative enactment required such deduction, when in truth such enactment was invalid, thereby commits an *"error in the assessment or tax list,"* within the meaning of Sec. 1385-b, Code Supp., 1913. In other words, such unauthorized deduction does not present a case of "omitted property," within the meaning of said section.

TAXATION: Assessment—Time Limit for Correction. An *"error in the assessment or tax list,"* within the meaning of Sec. 1385-b, Code Supp., 1913, may be corrected by the county auditor, without notice, and at any time *before the taxes have been legally discharged.*

TAXATION: Assessment—Confirmation of Error. An *"error in the assessment or tax list"* may be corrected by the county auditor, notwithstanding the fact that the erroneous action of the assessor was approved by the county board of review.

TAXATION: Assessment—Deduction in re Federal Securities. In determining the value of shares of stock of a national bank for the purposes of taxation, there need be no deduction from the capital stock because of investments in tax-exempt securities of the Federal government.

**TAXATION:**   Assessment—Discrimination  Against  National  Banks.

An allegation that *"moneyed capital"* is loaned and invested in a taxing district, and that the tax levied thereon is materially less than the tax levied in said district on shares of stock of national banks, tenders no issue of discrimination under Sec. 5219, Revised Statutes of the United States.   There must be allegations of ultimate fact from which it can be determined, not only that said *"moneyed capital"* is employed in said district *in competition with the ordinary and normal business of national banks,* but that the amount of such moneyed capital is *relatively material.*

*Appeal from Monroe District Court.*—SENECA CORNELL, Judge.

### MARCH 6, 1923.

APPEAL to review the action of the trial court in setting aside the corrected assessments as made by the county auditor of Monroe County, Iowa in the taxation of the stock of the appellee banks against the stockholders thereof.   The opinion states the material facts.—*Reversed.*

*John F. Abegglen,* for appellant.

*Theodore B. Perry,* County Attorney, *Bates & Dashiell,* and *Mabry & Mabry,* for appellees.

*David Strieff,* for *Amicus Curiae.*

DE GRAFF, J.—This is an appeal by the county auditor of Monroe County, Iowa from a judgment and decree entered in the district court of Iowa in and for Monroe County, canceling and setting aside a corrected assessment for the year 1920 made by the said auditor against the shares of stock of the Farmers and Miners Savings Bank, appellee herein.   Six other banks with legal residence in Monroe County and noted in the caption have joined with the Farmers and Miners Savings Bank on this appeal, and by agreement of all the parties the cases are submitted together, as the same issues are involved and the decision in the major case is applicable to all included in this appeal.

In the spring of 1920 the Farmers & Miners Savings Bank

of Albia, Iowa and the other appellee banks respectively furnished to the assessors in their respective districts the verified statement required by statute showing the capital, surplus, and undivided profits; the amount, if any, invested in real estate; the amount of Liberty Bonds and other tax exempt securities held by each bank, and the length of time such bonds had been so held. In fixing the value of the stock of these banks for the purpose of assessment against the stockholders, the assessors deducted from the sum total of capital, surplus and undivided profits of each bank the investment in real estate, if any, and from the remainder deducted the amount invested respectively by each of the banks in Liberty Bonds and government securities. The investment in such bonds being greater in each case than the total capital, surplus, and undivided profits less the deduction for real estate investment, there was nothing left upon which to base an assessment against the individual stockholders.

Subsequently, and at a meeting of the boards of review of the respective taxing districts the assessors reported their action in these particulars, and their action was by such boards approved. No appeal was taken from the action of the boards of review, and thereafter the assessments were returned to the auditor as required by law. During the summer of 1920 the county auditor with full knowledge of the action taken by the assessors and boards of review respectively made up the tax lists for Monroe County, Iowa, and passed them into the hands of the county treasurer prior to January 1, 1921 without correction or change. Thereafter and on February 24, 1921 the newly elected county auditor, appellant herein, sent notices to each of the appellee banks to appear before him within 10 days and show cause why correction should not be made on the 1920 tax lists of the respective banks. In response to notice the appellee banks respectively appeared by their attorneys, and protested against any change, correction or addition being made to the tax lists in so far as their stockholders were affected.

Over these protests and objections the county auditor proceeded to assess taxes against the stockholders of the respective banks based upon the total value of the capital surplus, and undivided profits of the banks less real estate investments and

without deducting therefrom the government securities owned by the banks for more than 60 days prior to January 1, 1920.

Separate appeals were taken by each of the banks from the action of the county auditor to the district court. Upon the hearing it was agreed that all of the seven cases should be tried at the same time and that the evidence introduced in the Farmers & Miners Savings Bank case should be applied to each of the other cases in so far as the same was applicable, but that separate judgments and decrees should be entered. Trial was had pursuant to this agreement and on November 19, 1921 separate judgments and decrees were entered by the trial court, and it is from the judgments entered that the appeal to this court is taken.

The issues in the trial court briefly stated are: (1) that any assessment against the stockholders of the banks based upon a valuation of the stock, which included Liberty Bonds, is illegal and void and contrary to the acts of Congress pursuant to which the bonds were issued, and contrary to the terms of the bonds themselves; (2) that the county auditor had no right to make the assessment for the reason that the bonds and government securities owned by the banks had been specifically exempted by the boards of review sitting as boards of equalization for the year 1920 and that this action upon the part of the boards of review, no appeal having been taken, was a final adjudication, and that the county auditor having made up the tax list of Monroe County, Iowa for the year 1920 with knowledge of the action taken by the assessors and the boards of review respectively, and having failed to change the assessment during the "current year," thereby ratified the action of the boards of review and that the subsequent action of the then county auditor in attempting to make an assessment which would include the bonds and securities owned by the respective banks was illegal and void.

Upon the first issue the trial court held adversely to the banks, but upon the second issue the court found and decreed that the bonds and government securities owned by the banks respectively having been specifically exempted by the assessors and boards of review and no appeal having been taken, were not

subject to a corrected assessment as it constituted an adjudication. In this connection the court also determined that the tax lists for Monroe County, Iowa having been completed by the county auditor for the year 1920 with knowledge of the exemptions granted, and having passed such lists into the hands of the county treasurer prior to January 1, 1921, the correction by the county auditor, appellant herein, was void as not within the "current year."

The judgments and decrees entered canceled and annulled the action of the county auditor in correcting the assessments and taxed costs against the auditor.

There is no occasion for this court at this time to do more than to make the foregoing statement in order to determine the correctness of the rulings of the trial court. The points and propositions submitted on this appeal have been determined and are controlled by the opinion in *First Nat. Bank of Guthrie Center v. Anderson,* by opinion filed February 17, 1923 and reported in 192 N. W. 6. The legal principles announced in that case are, contrary to the judgments and decrees entered in the instant cases and therefore the separate judgments and decrees entered must be and are—*Reversed.*

WEAVER, STEVENS, and ARTHUR, JJ., concur.