LAMONT SAVINGS BANK, Appellant, v. J. S. LUTHER, County Treasurer, et al., Appellees.

**TAXATION:** Assessment—Irregularities—Nonjurisdiction of Court to
1  Correct. The court has no jurisdiction, in an action to enjoin the collection of a tax, to correct a mere irregularity in the assessment.

**TAXATION:** Assessment—Correction of Assessment—Prior Payment—
2  Effect. The payment of a tax with knowledge by the taxpayer that an error existed in the assessment and that the correction of said error was then pending, presents no obstacle to the collection of an additional tax in accordance with the executed correction.

**TAXATION:** Collection—Unallowable Remission of Penalties. A court
3  has no power to cancel legally accrued penalties for the nonpayment of taxes.

Headnote 1: 37 Cyc. p. 1262. Headnote 2: 37 Cyc. p. 1245. Headnote 3: 37 Cyc. p. 1545 (Anno.)

*Appeal from Buchanan District Court* —E. B. STILES, Judge.

JUNE 25, 1925.

ACTION to enjoin the collection of taxes, with penalties, on an assessment of bank stock corrected by the county auditor, but after the payment of the tax on the original assessment, but with knowledge on the part of the bank that corrected assessments were being made. The decree sustained the right of the county auditor to correct the assessment to include the value of government securities owned by the bank, but refused to impose the statutory penalties for nonpayment of the tax to the date of the decree, and corrected by injunction an error in the original assessment caused by the deduction of the assessed value of the real estate owned by the bank, instead of its book value, as required by law. Both plaintiff and defendants appeal. On plaintiff's appeal, *affirmed;* on defendants' appeal, *reversed.*

*Cook & Cook* and *M. A. Smith,* for appellant.

*Hasner & Cherney* and *Allen Smith,* County Attorney, for appellees.

DE GRAFF, J.—This is an action in equity by the Lamont Savings Bank against J. S. Luther, county treasurer, and F. T. Bushby, sheriff, respectively, of Buchanan County, Iowa, to enjoin the collection of certain taxes which plaintiff alleges were illegally assessed against the shareholders for the year 1920. From the decree entered, both the plaintiff and the defendants appeal; but for the purpose of this opinion, the plaintiff will be denominated appellant.

The material facts are not in dispute. The plaintiff bank was assessed for taxation for the year 1920; but, in computing the assessed value of the stock, certain government securities were deducted by the assessor from the aggregate of capital, surplus, and undivided profits. Subsequent to the decision in *Des Moines Nat. Bank v. Fairweather,* 191 Iowa 1240, filed February 12, 1921, the county auditor of Buchanan County, acting upon instructions from the auditor of state of the state of Iowa, pro-

ceeded to correct the prior assessments made against the several banks of Buchanan County. As a matter of courtesy, a written notice was given to the several banks, including plaintiff, that, on the 14th day of March, 1921, the assessments would be corrected. About March 19, 1921, the auditor certified to the treasurer a general schedule, showing the corrected tax in the aggregate for each bank and the apportionment among the shareholders thereof. With this phase of the case we are not now concerned, as this question has heretofore received a final answer in this court. *First Nat. Bank v. Anderson,* 196 Iowa 587; *In re Assessment of Farmers & Miners Sav. Bank,* 195 Iowa 394.

The defendants contend that the trial court is in error in correcting the assessment of the shares of bank stock by deducting from the aggregate of the capital, surplus, and undivided profits the book value of the real estate owned by the plaintiff bank, when the assessment roll as returned and filed deducted the assessed value of the real estate. No complaint was made by the plaintiff in this particular, prior to this action. The record discloses that the real estate as carried on the books of the bank has a valuation of $3,000, and that the assessed value thereof, after increase thereof as ordered by the executive council, is $2,576. Under the statute, the amount of capital actually invested in real estate owned by the bank constitutes the basis of the deduction. Section 7002, Code of 1924. There was error in making the computation, but the mistake existed from the inception of the assessment. It was an error or irregularity, but it did not make the assessment void. The matter was not presented to the board of review, and no action was taken by the bank to compel the auditor to correct the alleged error. Injunctive relief cannot be had under the circumstances, and it is immaterial whether the error was one of judgment or resulted from gross incompetence. The remedy by appeal is exclusive, and the failure of the person aggrieved by the assessment to appear before the board of review and make complaint waives his right to complain subsequently of any irregularity in the listing and assessment. *Griswold L. & C. Co. v. County of Calhoun,* 198 Iowa 1240; *Langhout v. First Nat. Bank,* 191 Iowa

1. TAXATION: assessment: irregularities: nonjurisdiction of court to correct.

957; *Collins v. City of Keokuk*, 118 Iowa 30. These cases are controlling.

The plaintiff bank further alleged in its petition that the tax as originally assessed had been paid by the bank prior to the corrected assessment, and consequently the county through its auditor had no power or jurisdiction to correct the assessment, even though erroneous in the first instance. Under the facts of the instant case, plaintiff's claim is not tenable. It appears that, on March 12, 1921, two days prior to the date fixed by the notice given by the county auditor relative to the proposed correction of the bank assessments, and at the solicitation of a committee of the Buchanan County Bankers Association, arrangements were made for a conference with certain county officers, including the board of supervisors. A "gentleman's agreement" was entered into, whereby it was understood that, as the corrected assessments had not at that time been fully entered upon the books of the county treasurer, it would be agreeable for the banks to pay the taxes originally assessed; and pursuant thereto the various banks did pay their taxes as they then stood on the treasurer's books, but with a formal protest to the making of any change thereafter in the assessments. No legal significance attaches to this meeting, nor did the informal and unofficial understanding between the parties bind the county of Buchanan or any officer thereof. The conference had no legal sanction, and it was conceded at the time that the rights of either party were in no way prejudiced by anything said or done at this conference. The auditor had no discretion in the matter. He proceeded with the corrections, and the correct taxable value was thereafter duly entered on the county records. No step was subsequently taken by the banks to pay the corrected assessments, apparently waiting for the final determination of similar cases then pending in court.

It is said in *First Nat. Bank v. Anderson*, supra:

"'* * * there is no good reason for saying that, after the tax lists have been perfected by the officers, in so far as they know, and accepted by the property owner, in discharging the burden imposed, the auditor may go "back of the returns" and, by the correction of errors thereafter discovered, exact payment

2. TAXATION: assessment: correction of assessment: prior payment: effect.

of additional sums as taxes which neither the public nor the taxpayer knew of, or might reasonably have anticipated.' ''

This legal principle is not applicable to the facts in the instant case. The tax lists had not been perfected, and all parties knew this to be true. The plaintiff bank knew that there was an existing error with respect to its assessment. The bank had but one purpose in payment of the taxes at that time, to wit: to avoid penalties. The tax lists were then in the process of being corrected; and the taxpayer knew, or had reason to believe, that he would be required to pay a further sum. There was no correction of errors ''thereafter discovered,'' but the contrary is affirmatively shown. We are not dealing with omitted taxes. The auditor was attempting to respect a legislative mandate, since the assessments in question are mandatory. Nothing is left to the discretion or judgment of the assessor, the board of review, or any taxing official, in fixing the basis of the assessment. The statute itself does that. Section 6998 *et seq.*, Code of 1924. The correction, therefore, on the part of the auditor was purely mathematical and ministerial in its character. The instant correction was made during the current year, as judicially defined; and the rule as to the payment of taxes in any case, to constitute a finality, must be construed in the light of the facts. We are not inclined to enlarge the terms or extend the language of our prior opinions in this particular. As a matter of fact, the county did the very thing the bank wanted it to do,—postpone the correction of the assessment until they could pay the taxes as then assessed, and avoid penalties. The bank was attempting to keep what it termed the ''just tax'' separate and apart from the ''unjust additional tax;'' and the bank knew at that time that it would be required to pay an additional tax unless it secured a favorable court decision. That decision was adverse to the plaintiff's claim, and the foundation upon which to build an injunction was destroyed. The good faith of the bank in its attempt to prevent the collection of the added tax is not in question, and it is an immaterial matter.

The trial court, however, ruled that no statutory penalties should be exacted by reason of the nonpayment of the corrected assessment, although it determined that the assessment was prop-

3. TAXATION: collection: unallowable remission of penalties. erly corrected by the auditor in the matter of the inclusion of government securities in determining the base upon which the percentage of tax should be determined. A court is without power to set aside a plain mandate of a statute fixing penalties on delinquent taxes. That plaintiff will suffer a hardship by reason of the payment of a penalty is quite apparent; but this fact gives "no authority to annul a statute and remit a penalty explicitly provided for, and in which defendant has a vested right. * * * When the rule is admitted that equity will not relieve against penalties imposed by statute, arguments based upon hardships furnish us no avenue of escape from its operation." *C. R. & M. R. R. Co. v. Carroll County,* 41 Iowa 153, at 192.

For the reasons indicated, the cause on plaintiff's appeal is *affirmed,* and on defendants' appeal is *reversed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.