JOE V. LUDEMAN, Appellant, v. COUNTY OF CERRO GORDO et al.,
Appellees.

**TAXATION**: Assessment—Bank Stock—Permissible Change. When
the shares of stock of a bank are assessed *to the bank*, the county
auditor may, at any time before the tax is paid, and without notice,
change the assessment *to the individual stockholders.*

Headnote 1:  37 Cyc. p. 1067.

*Appeal from Cerro Gordo District Court.*—JOSEPH J. CLARK,
Judge.

DECEMBER 13, 1927.

Action in equity, to have canceled certain personal taxes
charged against plaintiff on the delinquent personal tax register
in the office of the treasurer of Cerro Gordo County, Iowa, for
the year 1924, on 100 shares of capital stock in the Central
Trust Company of Mason City, Iowa, and that a writ of man-
damus issue against the county auditor, treasurer, and super-
visors of said county (appellees herein), commanding them to
cancel said purported tax and to remove the same from the
tax records of Cerro Gordo County as a lien against the appel-
lant. The defendants filed a motion to dismiss the petition,
which was sustained by the trial court, and judgment was
entered for costs against the plaintiff, who appeals.—*Affirmed.*

*George R. Ludeman,* for appellant.

*John Fletcher,* Attorney-general, and *Maxwell A. O'Brien,*
Assistant Attorney-general, for appellees.

DE GRAFF, J.—The sole question on this appeal is whether
or not the petition of plaintiff states a cause of action. This
question arises on the defendants' motion to dismiss, which, in
legal effect, is an equitable demurrer.

The petition alleges, in substance, that there appears on the
delinquent personal tax records of the treasurer of Cerro Gordo
County, Iowa, a certain delinquent personal tax against the

plaintiff for the year 1924, purporting to be a tax on 100 shares of capital stock in the Central Trust Company of Mason City, Iowa, a corporation organized and existing under the banking laws of the state of Iowa; that said purported tax is in the sum of $147.20; that all of the capital stock of the Central Trust Company for the year 1924 was assessed against the said trust company; that said assessment was made April 19, 1924, by the assessor; that at said time the said trust company was insolvent, and said stock was, in fact, worthless; that no notice was ever given to said bank or its officers that said assessment had been made; that pursuant to said assessment a personal tax was listed against the Central Trust Company for the total amount of said assessment, and so certified to the treasurer of Cerro Gordo County, Iowa, by the auditor of said county; that, after said tax had been assessed and listed against the Central Trust Company, the tax books of the treasurer of Cerro Gordo County, about the month of June, 1926, were unlawfully altered and changed, and an attempt was made to change said delinquent tax records, and the names of the stockholders of the Central Trust Company were substituted, including the plaintiff, to the extent and in proportion to the amount of stock held by each stockholder, instead and in lieu of the Central Trust Company; that the said tax is void, for the reason that there never was an assessment levied against this plaintiff individually, upon which said tax could be based; and that this plaintiff has requested the treasurer of Cerro Gordo County to remove said tax from his records, and this he has refused to do.

Upon the submission of defendants' motion to dismiss plaintiff's petition, it was stipulated of record by the parties that the statement of assets and liabilities, etc., contemplated by Section 7001, Code of 1924, was furnished by the Central Trust Company to the assessor, and filed in the office of the county auditor by the assessor, and that it contained a complete list of the shareholders of the Central Trust Company of Mason City, Iowa, their residence, number of shares, and par value of the shares of each of said stockholders, together with a statement of assets and liabilities and the description of real estate of said Central Trust Company, and bore the notation made by the assessor thereon, "Assessed April 19, 1924, roll 5820."

Apparently, this stipulation was made that the trial court might fully understand the intent and content of plaintiff's petition. Appellant says in argument that said stipulation "gave life to defendants' motion to dismiss, which otherwise was, in effect, a speaking demurrer, in so far as it sought to bring into the case the statement contemplated by Section 7001 of the Code." We thus see that the record before us consists of plaintiff's petition, defendants' motion to dismiss, and the stipulation.

There is little occasion for this court at this time to do more than to set out the foregoing statement, in order to determine the correctness of the decree entered. The clear intent of Section 7001, Code of 1924, as declared therein, is to aid the assessor in fixing the value of shares of stock of the instant corporation by causing the corporation to furnish the assessor a verified statement of all the matters provided in Code Section 6997, which statement shall also show separately the amount of the capital stock, the surplus, and the undivided earnings of said corporation.

Under the provisions of Section 6998, shares of stock of the character in question are assessed to the individual stockholders at the place where the bank or trust company is located; and under Section 6999 it is mandatory for such corporation to furnish the assessor with lists of all the stockholders and the number of shares owned by each; and it is made the duty of the assessor, under Section 7000, to list to each stockholder, under the head of corporation stock, the total value of such shares. All of these provisions were respected in the instant case.

It is true that the taxing power can be exercised only in accordance with the forms of law. *Worthington v. Whitman,* 67 Iowa 190. The assessments in question are mandatory. Nothing is left to the discretion or judgment of the assessor, board of review, or taxing official. The statute determines against whom the tax shall be levied, the method of making the assessment, and the apportionment. The statute itself fixes and determines the base of the assessment, and consequently any correction is mathematical and purely ministerial in its character. *First Nat. Bank v. Burke,* 201 Iowa 994.

In the instant case, the trust company furnished the veri-

fied statment disclosing the data specified in the statutory requirement. The statute left nothing for the assessor to do, except to correctly compute the percentage of each shareholder. It is simply a problem in arithmetic, and the factors of the problem were furnished by the bank. The statute prescribed the method for the solution of the problem. See, also, *In re Assessment of Farmers & Miners Sav. Bank,* 195 Iowa 394; *First Nat. Bank v. Anderson,* 196 Iowa 587; *Lamont Sav. Bank v. Luther,* 200 Iowa 180; *Blondel v. Woodbury County,* 203 Iowa 1099.

The evidence before us does not disclose that the record was changed, except to make it conform to statutory requirements. Clearly, it was an authorized correction. Omitted property for the purpose of assessment is not involved. The actual value of each share of stock was fixed by the assessor from the verified statement of the trust company. There is no claim of error in the mathematical computation. The action of the auditor did not result in a new assessment, nor did it change or raise the assessment fixed by the assessor pursuant to statutory authority. The case of *First Nat. Bank v. Weber,* 196 Iowa 1155, relied upon by the instant appellant, is clearly distinguishable, on the facts, from the case at bar.

The county auditor in the instant case simply changed the assessment against the trust company to the appellant stockholder upon his shares of stock in said bank. This was the correcting of an error in the assessment or tax list, which he was legally privileged to do without notice at any time before the taxes were discharged or paid.

The decisions heretofore cited are controlling on the issue involved. The decree entered by the trial court is—*Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.