In re Assessment of Taxes against John William Van Dyke et al.

No. 45071.

October 22, 1940.

Rehearing Denied February 21, 1941.

Stewart & Hatfield and Kindig, Faville & Mathews, for appellee.

A. W. Johnson, M. M. Lothrop, and Addison G. Kistle, for appellants.

RICHARDS, C. J.—On February 11, 1938, the county auditor of Woodbury county gave written notice to John William Van Dyke, now appellee herein, that he, the county auditor, had been apprised that on the first day of January of the years 1933 to 1937, inclusive, the appellee was owner of property subject to taxation in Woodbury county, to wit, moneys and credits consisting of certain units in an irrevocable trust, annuity or annuities or sum of money receivable at stated periods, claim or claims due or to become due for money, property or other valuable thing, *and other credits as defined by the statutes of Iowa,* of an aggregate value set out in the notice. (Italics supplied for later reference.) It was further stated in the notice that all said property had been omitted and not assessed as provided by law, and that said county auditor proposed to list and assess same for said years at the valuation stated in the notice for purpose of assessment and taxation. The notice fixed a time and place for a hearing before the auditor. This hearing was held on February 21, 1938. Appellee, through counsel, appeared and filed written objections, the substance of which was that the property of the irrevocable trust mentioned in the auditor's notice had been assessed to the trustee thereof for the years in question, and under the statutes of Iowa the interest of appellee in the trust as a beneficiary was not taxable. At this hearing appellee introduced in evidence the trust deed executed on May 28, 1932, by the trustor James F. Toy, and the tax records of the auditor's office showing an assessment of trust property to the trustee for the years 1933 to 1937, inclusive. Pursuant to this hearing the county auditor filed written findings. Therein, after affirming the giving of the notice and reciting its contents substantially as we have stated such contents above, the county auditor entered a finding that said property was omitted, over-

looked, and not listed and assessed for the years in question and that appellee was owner thereof. The findings overruled the objections and recited that on the date of the findings, March 10, 1938, he (the auditor) entered, listed and assessed said property for taxation in the personal tax list for Sioux City, Woodbury county, Iowa, for the years 1933 to 1937, inclusive. The findings set out the valuation at which said listing and assessment was made, and contain a copy of the entry, listing, and assessment that was made by the auditor on the tax lists.

On March 19, 1938, John William Van Dyke, appellee here, perfected an appeal from the action of the county auditor to the Woodbury district court. When the appeal came on for hearing on November 22, 1938, counsel for appellee offered in evidence the record of the proceedings before the county auditor, and the records in the office of the county auditor and county treasurer, and announced "That is all." On December 15, 1938, on motion of appellee, the court ordered the case reopened for the introduction of further evidence. Thereupon counsel for appellee offered the testimony of certain witnesses. A decree was entered on February 21, 1939, in which the court found the assessment was erroneous, and ordered it to be set aside and held for nought. Therefrom the county auditor and county treasurer have appealed.

■ The major premise of the first proposition relied on by appellants for reversal is that the county auditor in assessing omitted property is presumed to have acted rightly; that he is presumed to have acted upon sufficient information as to ownership and value of the assessed property; that upon an appeal the auditor has no burden; that all the burden of showing in-validity is upon the taxpayer. Applying this asserted rule to the facts, appellants point out that the auditor assessed to appellee $84,000 of omitted moneys and credits; that presumptively appellee was owner of such property, the auditor having expressly so found; that appellee offered no evidence and made no showing avoiding this finding made by the auditor; that appellee made no denial of being owner of $84,000 of omitted moneys and credits. Consequently, say appellants, appellee has not shown invalidity of the assessment entered against him.

In support of this proposition appellants make reference to the notice given appellee by the county auditor, particularly the portion reading "and other credits as defined by the Statutes of Iowa." These quoted words comprise the italicized part of the first sentence of this opinion. At the conclusion of the hearing had pursuant to the notice the auditor made findings hereinbefore shown. In these findings the auditor set out the substance of the notice, including the portion that advised appellee that the auditor proposed to list and assess moneys and credits consisting of certain units or interests in a trust and other credits as defined by the statutes of Iowa, and in immediate sequence the auditor made a finding that the objections "should be and are hereby overruled", and "that John William Van Dyke was the owner of property as above described on January 1st of each of the years above set out and that same is subject to taxation in Sioux City, Woodbury county, Iowa, and that said property was omitted, overlooked, not listed and assessed for the years above set out." Concerning the last preceding quotation, appellants say that for the words "property as above described" and "said property" the only antecedent words in the auditor's findings are those he used in setting out the substance of the notice. Such antecedent words, say appellants, describe certain units in a trust *and other credits* as defined by the statutes of Iowa. (Italics supplied.) It is to this state of the record that appellants apply the reasoning found in their first proposition, and reach the conclusion that appellee failed at the hearing before the auditor and in the district court to make a showing that avoided the assessment because he confined his objections to the question whether the units were taxable, and made no showing that he did not own *other credits* that might · have been omitted.

In the opinion of a majority of the court the record of the hearing before the county auditor compels the conclusion that the only omitted property the county auditor was at the time charging appellee with owning consisted of units or interests in the Toy trust, and that the only property listed and assessed at the hearing, or then intended to be listed and assessed by the auditor, was such units or interests. There is no indicia that either the auditor or the appellee deemed any other issue to

have been presented by the notice, or to have been determinable at the hearing. We do not say that, under the notice, the ownership of other property could not have been an issue at the hearing, to the end that it be listed and assessed as omitted property. What the majority holds is that in fact there was no such issue involved in the hearing in this case. Upon the appeal to the district court appellee introduced the county auditor and the attorney who had been engaged in advising the auditor and making investigations of facts. The interrogating of these witnesses was directed to the question whether within their knowledge there was any taxable property owned by appellee other than the units or interests in the trust, that had been omitted. Their answers were to the effect that they had no specific knowledge of any such property, but the attorney stated there was such property, and the auditor stated that all the omitted property he had found up to date was units in the Toy trust. But had it clearly appeared from this testimony that appellee at the time of the hearing before the auditor owned other property that had been omitted, that fact might be a circumstance in deciding what may have been listed and assessed at the hearing, but it would be otherwise immaterial if, as in this case, no other property than the units was in fact listed and assessed by the auditor. The conclusion is that appellants' first proposition does not warrant a reversal.

Another proposition, relied on for reversal, is that the units of the Toy trust were taxable property, and that the trial court erred in holding they were not. In discussing this proposition appellants take the position that the trustor created property, namely, the units of the trust, which were the property of the trustor's family, (its members being beneficiaries of the trust) and that the trustor's own property belonged to the trust as its capital. Appellants say that the trustor created property which belonged to the unit holder just as much as a share of a corporation is property, or just as much as the person who makes a promissory note creates property. So, say appellants, the title in the unit was in the unit holder, and the title to the capital (property) was in the trustee; neither had any title to the other. Therefore, appellants conclude, no one can say the units were

not property. If not property, appellants ask, how could the trustor create title thereto?

To have a full understanding of this proposition we must advert to the written instrument that created the trust. It was executed by James F. Toy on May 28, 1932, and by its own terms was denominated a deed of trust. Therein the trustor transferred to a banking corporation, as trustee of an irrevocable trust, certain shares of stock in numerous banks and in some other corporations. These shares had an estimated aggregate value of $2,000,000. Other features of the instrument that appear to be material were these. It stated that, because of the trustor's desire to make a more equitable division of the trust property than could be made by giving specific property to each beneficiary, the trustor was dividing, in the deed of trust, the part of his estate disposed of by that instrument into 20,000 units. The instrument provided that the interest transferred to the trustee should be considered as so divided, and that the interest of each beneficiary should be represented by the number of units designated as set apart for such beneficiary. For the use and benefit of each of the eleven appellees herein the trustee was directed to set apart a specified number of units of the trust estate.

The trustee was empowered to hold and manage all of the property as a trust fund as though it were the absolute owner and to collect all the rents, issues, profits and other income therefrom. The trustee was given the absolute discretion to invest and reinvest any and all money coming into its possession in such securities as it might deem proper and suitable, with full and absolute power to manage and control the trust property and to make investments in accordance with its own judgment and discretion. Distribution of net income from the trust to the beneficiaries in proportion to the units set apart to each was contemplated by the instrument, but subject to a discretion vested in the trustee with respect thereto. The existence of the trusteeship was limited to thirty years. During this period the trustee was authorized to distribute portions of the corpus to certain of the eleven appellees, subject to a discretion to be exercised by the trustee. The units set apart to two of the appellees were subject to disposition by them respectively at death. At

the end of the trust period the distribution of the principal then remaining was to be to the lineal descendants by blood of two named children of trustor, *per stirpes*. There was an alternative provision in the event of failure of such descendants.

That these beneficial interests, that appellees were entitled to enjoy, constituted taxable property is the thesis of appellants. Underlying their argument is section 6953, Code, 1935. Following designation of property that shall not be taxed, this section provides:

"All other property, real and personal, is subject to taxation in the manner prescribed, and this section is also intended to embrace:

\* \* \*

"5. Credits, including bank bills, government currency, property or labor due from solvent debtors on contract or judgment, mortgages or other like securities, bills receivable.

"7. Corporation shares or stocks not otherwise assessed or excepted." (Portions not here material are omitted.)

Appellants maintain that this statute is a broad mandate that all property, unless expressly exempted, shall be subject to taxation, and they urge that under its emphatic terms the holding should be that the beneficial interests of appellees were subject to taxation. On the other hand the portion of this statute emphasized by appellees is the phrase "in the manner prescribed." These words, in their context, are viewed by appellees as a legislative recognition that, despite the concept that all property not specifically exempted is subject to taxation, nevertheless "the taxing power can be exercised only in accordance with the forms of law" as said in Ludeman v. County of Cerro Gordo, 204 Iowa 1100, 216 N. W. 712, cited by appellees. Appellants' contrary contention is that the holding in Leon Loan & Abst. Co. v. Equalization Bd. of Leon, 86 Iowa 127, 53 N. W. 94, 17 L. R. A. 199, 41 Am. St. Rep. 486, to the effect that manuscript abstract of title books were properly listed for taxation, was planted solely upon the alleged mandate found in section 6953, with acknowledgment by this court that there were no forms of law or prescribed procedure for assessing abstract of

title books. However, notwithstanding any deductions there might be from the last mentioned authority, appellants are faced in this case with a statute prescribing the manner of listing for taxation the property of beneficiaries for whom property is held in trust. Section 6956, Code, 1935, reads:

"Every inhabitant of this state, of full age and sound mind, shall list for the assessor all property subject to taxation in the state, of which he is the owner, or has the control or management, in the manner herein directed:

\* \* \*

"3. The property of a beneficiary for whom the property is held in trust, by the trustee."

Section 6993, Code, 1935, provides that any trustee, in listing moneys and credits, is entitled to deduction of debts owing by the beneficiaries who may be entitled to the income on such trust or fiduciary fund, a privilege the statutes extend to the owners of money and credits. In this case the fact is the trustee listed with the assessor, for taxation, as of January 1 of each of these years, the property it held in trust for appellees. Assessment and payment of the taxes on the trust property ensued. Seemingly all was done that section 6956 required of appellees. The language of the section is "the property of a beneficiary" held in trust. That property is to be listed for taxation. Though the words used show that at the time of this enactment it was clearly in the legislative mind that the beneficiary had an interest, the taxation of the property in its entirety was the whole of the burden the legislature imposed. Authority for listing appellees' beneficial interests separately is not observable in section 6956. It is not within our province to engraft anything upon this statute that appears to have been intended to encompass the subject of taxation of beneficiaries' property held in trust. If there is the broad mandate in section 6953 that appellants suggest, it has been fulfilled in section 6956. We do not find in appellants' propositions a warrant for a reversal in any of the eleven appeals. The decree below is affirmed upon each of the appeals.—Affirmed.

MITCHELL, SAGER, MILLER, and BLISS, JJ., concur.