[Civ. No. 6452. Third Appellate District.—January 22, 1941.]

CAMDEN FIRE INSURANCE ASSOCIATION (a Corporation), Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., Respondent.

Fontaine Johnson and Lloyd G. Buchler for Appellant.

Earl Warren, Attorney-General, and Neil Cunningham, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment entered in favor of the state treasurer, after a demurrer to the complaint had been sustained without leave to amend. From the complaint it appears that plaintiff was a corporation engaged in the insurance business in this state. On August 16, 1937, certain taxes became delinquent as provided by section 3668b of the Political Code, which section also provided that unless such taxes were paid prior to that day fifteen per cent would be added to the amount due as a penalty.

It is also alleged that on August 10, 1937, plaintiff placed its check for the amount of the tax in the mail but the letter

was inadvertently misdirected and the check did not reach the office of the State Treasurer until after the 16th day of August. For this delay the penalty was imposed. The tax with the penalty was thereupon paid under protest, and this action brought for recovery of the penalty. After judgment in favor of defendant, this appeal is presented to us.

It is the contention of appellant that the issue here is one of statutory construction. However, if the object and intent of the law are plain, courts cannot, by interpretation, add to or detract therefrom.

Section 3668b of the Political Code clearly imposes a fifteen per cent penalty on a taxpayer who fails to pay the tax at the time and in the manner specified. Taxes upon insurance companies assessed and levied as provided in section 14 of article XIII of the Constitution of this state " . . . , shall be due and payable on the first Monday in July . . . and one-half thereof shall be delinquent on the second Monday . . . , and unless paid prior thereto, fifteen per cent shall be added to the amount thereof . . . ". This section reveals no language that would justify a court in relieving a taxpayer from a situation as here exists. The general rule as given in 61 Corpus Juris, at page 1494, which is supported by a number of cases there cited, states: "In the absence of statutory authorization, the courts have no power to relieve delinquent taxpayers from penalties incurred by violations of the statutes providing therefor. . . . "

As pointed out in *In re Premises, etc.*, 117 Pa. Super. 132 [177 Atl. 700], that while tax laws are to be construed most strictly against the government and most favorable to the taxpayer, " . . . it is equally well settled that where taxes including interest and penalties are clearly imposed by law, he who would claim an exemption or relief from them, when so legally imposed, must point to clear and unmistakable warrant of law to support his claim; he is entitled to no special privilege over the other taxpayers which is not clearly and definitely established by law."

Judge Shields, who originally passed upon the issues here presented, well expressed the solution of the problem in an opinion by him when he sustained the demurrer. He there said in part:

"This is an action to recover a sum assessed for delinquency in the payment of a tax imposed upon an insurance

company under the provisions of section 3668b, Political Code. It is admitted that the tax was not paid upon the date required by law, but the pleadings show that the short delay in its payment was the result of a mistake innocently made and which in purely personal relations an honest man would be prompt to relieve against and forgive. But the statute fixes the date of payment and states the exact amount and nature of the penalty and I am convinced that in such a case the law is the measure of the rights of all the parties involved, the state and the taxpayer. I am satisfied that in the circumstances of this case the penalty provided by the statute, upon its becoming operative, became a part of the tax and thereupon commanded all of the support given to a tax regularly levied for the support of government. *Carpenter* v. *Peoples, etc.,* 10 Cal. (2d) 299 [74 Pac. (2d) 508]; *State of California* v. *Hisey,* 84 Fed. (2d) 802, where it is said sententiously: 'The penalty is a part of the tax'. If we accept this view the law governing this case is well stated in *State* v. *Chicago etc.,* [128 Wis. 449] 108 N. W. [594] at page 607. 'If the legislative idea was a penalty for failure to pay a tax strictly so called . . . it could no more be forgiven for mistake, whether excusable or not, than that to which it is incidental.

"As soon as the default occurred the penalty would be regarded in legal effect as part of the tax. . . . We venture to say that in all tax laws where it is provided that upon default in payment being made a certain amount in addition to the tax should be forfeited, upon the forfeiture occurring, the penal sum is regarded to be as fixed and certain in its obligatory features as the tax itself. It is said, in effect, in Cooley on Taxation, 900, that a penalty for neglect to pay a tax constitutes an addition to the tax. Judicial authorities so hold.' Continuing, on page 607, the court say: 'We venture the assertion that no authority can be found, nor principle referred to sustaining the proposition that a statutory penalty for failure to pay an ordinary tax can be avoided on the ground of mistake, or discharged otherwise than by full payment.'

"Interesting illustrations could be given of cases which do not come within this rule. Some of them are cited by plaintiff in his brief herein. They are not exceptions to the rule stated, of which there are none, but rather represent cases

where the penalty was not one imposed upon the nonpayment of a tax, strictly so called, but where, as in the case of the authority last above cited, the tax possessed some contractual characteristics, or where, as discussed in 1 Cooley on Taxation, Section 35, the penalty possessed some regulatory or other quality which distinguished it from a normal tax for purely revenue purposes. But the tax involved here upon which the penalty was imposed was levied solely for the support of the State in its governmental capacity. It was an indirect tax but was levied as ordinary property taxes are levied with a view to determine the value of the thing taxed and to make it pay its proper proportion of taxes for the support of the government. The indirect method of assessment was not provided to differentiate the tax from other forms of taxation utilized in the State, but was adopted because of the different nature of the thing assessed and of the difficulty of arriving at a correct estimate of its value by any other means. See *Pullman Co.* v. *Richardson,* 185 Cal. 484 [197 Pac. 346].

"True, the tax upon insurance companies levied under the provisions of section 14b of article XIII of the Constitution is not a property tax, but an excise tax levied upon the privilege of doing business in the State. *Carpenter* v. *Peoples Mutual Life Ins. Co.,* 10 Cal. (2d) 299 [74 Pac. (2d) 508]. But it is a revenue tax rather than a regulatory tax and is levied for the purpose of raising funds for the support of the State. As has been said penalties imposed for the non-payment of such taxes become part of the tax to which it is appurtenant. It might be that such penalty or excess might be forgiven or otherwise disposed of by the legislature (*Tukey* v. *Douglas County,* [133 Neb. 732] 277 N. W. 57), but in the absence of such disposition, and in the face of the direct provisions of section 3668b of the Political Code, the courts are wholly without power to relieve against such a penalty as is herein pleaded."

The judgment is affirmed.