MILLER OIL COMPANY, a corporation, appellee, v. TREASURER OF STATE, M. L. ABRAHAMSON, et al., appellants.

No. 50343.

(Reported in 109 N.W.2d 610)

JUNE 13, 1961.

Evan Hultman, Attorney General, and Frank D. Bianco, Assistant Attorney General, of Des Moines, for appellants.

Robert J. Hurst, of Sioux City, for appellee.

LARSON, J.—Miller Oil Company, plaintiff herein, is seeking a declaratory judgment to determine the rights of the parties under chapter 324, Code of 1958, and particularly as to sections 324.8, 324.60 and 324.64, and to recover a penalty

assessed against it in the sum of $660.58. The case was pleaded and tried in equity and, being so considered here, we try it de novo. The trial court held the statutory requirement for timely filing was met upon a showing that the envelope containing the report had been deposited in a United States mailbox in sufficient time so that it could have been collected and postmarked before midnight on the day filing was required, and rendered judgment for plaintiff. We must disagree.

There are two principal questions raised by this appeal. The first one duly considered by the trial court is whether actual compliance is required by the language used in section 324.60, Code, 1958, and the second is whether a court of equity could or should grant a waiver of the penalty imposed for late filing under the record circumstances.

From the facts stipulated it appears the plaintiff deposited in the government-provided mailbox outside the post office in Sioux City, on March 31, 1959, between the hours of 4:30 p.m. and 5 p.m., a properly addressed and stamped envelope containing its gasoline and special fuel report and a check for the amount of tax due as shown by the report. For some unexplained reason the envelope was not postmarked until April 1, 1959, at 7:30 a.m., and did not reach the office of the Treasurer of the State until April 2, 1959. Penalty was assessed and paid under protest. It is plaintiff's principal contention that section 324.60 requires no more than a showing that it had in good faith deposited its report and remittance in a post-office courtesy drop box in time for it to be collected and postmarked before midnight of that day, and that a court of equity could grant it relief. Under such contention it is clear a justiciable controversy appeared and this suit was proper. Wesselink v. State Department of Health, 248 Iowa 639, 643, 80 N.W.2d 484; Rules of Civil Procedure 261 to 269 inclusive; 50 Am. Jur., Statutes, section 219, page 198; 82 C. J. S., Statutes, section 312.

Section 324.8, Code, 1958, relating to motor vehicle taxes provides, in substance, that for the purpose of determining the amount of his liability for the tax imposed, each distributor shall *not later* than the *last day* of each calendar month *"file*

*with the treasurer* a monthly report", showing certain prescribed data, and "pay to the treasurer the full amount of the motor fuel tax due from the distributor." (Emphasis supplied.)

Section 324.60, Code, 1958, involved herein, provides: "The reports and remittances required under this chapter shall be deemed filed within the required time *if postpaid, properly addressed and postmarked on or before midnight of the day on which due and payable.* If the final filing date falls on a Saturday, Sunday or legal holiday the next secular or business day shall be the final filing date. * * *." (Emphasis supplied.) Although this section provides also that the treasurer can grant a reasonable extension of time for filing, no such application was made or granted herein.

Reference should also be made to one other section. Section 324.64 provides in substance that if one "fails to file a required report" or pay the tax required, "a penalty of ten per cent of the tax unpaid and due shall be added, the unpaid tax and penalty shall immediately accrue and thereafter shall bear interest at the rate of one half of one per cent per month until paid." It further provides that the treasurer "shall not remit any part of a penalty for delinquent payment where the delinquency results" from a check refused for insufficient funds.

I. In the absence of previous construction the intent of the legislature in a statute must be determined both from the language and the purpose of the legislation. Dingman v. Council Bluffs, 249 Iowa 1121, 1126, 90 N.W.2d 742, and citations. Where the language used is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction and courts are not permitted to search for a meaning beyond the statute itself. Jones v. Thompson, 240 Iowa 1024, 1036, 38 N.W.2d 672, and many citations of authority. The rule is applicable as to the requirements of section 324.60 now before us. It is indeed difficult to find in the language used any meaning other than that, if one desires to use the United States mail to file his report and remittance to the State Treasurer, he must (1) see that the envelope is properly addressed (2) see that the postage is sufficient, and (3) see that

it is postmarked on or before midnight of the last day of the calendar month, unless extended by a legal holiday or other listed cause. No other exception appears, and we must assume the legislature meant just what it said when it placed these specific obligations upon the reporter when it chose to use that method of reporting. Obviously the rule advocated by plaintiff, i.e., it is sufficient when one in good faith places his properly addressed and stamped letter in a post-office box in time for it to be postmarked before midnight in the usual course of postal practice, is not what is required. It is clear such a requirement would bring numerous controversies and is just what the legislature wished to avoid.

We have not previously considered this section of the law, but the wording is not unusual. It has a counterpart in like statutes in other states and, where considered by the courts, the same conclusion is reached. In Texas Co. v. Dyer, 179 Miss. 135, 146, 174 So. 80, 82, an employee of the distributor arrived at the post office too late to register the envelope containing the report and remittance on the last day for filing required, but he did mail it the following day. A penalty of 20% was imposed for the failure to pay on time, and it too was paid under protest. The court there said: "It must be borne in mind, when dealing with these provisions of the statute, that the letter containing remittances must be stamped by the post-office officials on the date of the mailing to show that the law was complied with." It also pointed out the reporter had the obligation to procure that stamp, and that he must be aware of the fact that officials and post offices have office hours when such proof can be procured, and under such a statute he is required to do so. Also see McDowell v. Henry, 1939, 238 Ala. 663, 193 So. 108.

Plaintiff here admits it did nothing more than put the envelope in a courtesy box outside the post office and assumed it would be collected and postmarked before midnight. It took the chance that it would be and, when it was not, under section 324.64 the penalty was assessed as by law provided.

Appellant contends the trial court erred in remitting the

penalty, first because it lacked jurisdiction to do so, and second because plaintiff had failed to show itself without fault.

■ II. In purely equitable claims equity will grant or refuse relief at its discretion, but when the claim is a legal claim or when the penalty is mandatorily fixed by statute, equity will as a rule apply the requirement of the statute and not relieve the claimant. Swartz v. Atkins, Tenn., 315 S.W.2d 393. The rule is well stated in 85 C. J. S., Taxation, section 1031c, page 599: "Although it has been held that the courts may, in the exercise of their equitable powers, abate or remit tax penalties under meritorious conditions, the more general rule is that, in the absence of statutory authorization, the courts have no power to relieve delinquent taxpayers from penalties incurred by violations of the statutes providing therefor." In 51 Am. Jur., Taxation, section 975, page 852, it is stated: "The penalty is imposed for failure to pay taxes when due, and the rule in most jurisdictions is that even though one in good faith litigates his liability to a tax until after it is due and payable, he is liable for the penalty or interest imposed upon delinquent taxpayers if the decision is adverse to him."

Also see Camden Fire Ins. Assn. v. Johnson, 42 Cal. App.2d 528, 109 P.2d 447, 448; Texas Co. v. Dyer, supra, 179 Miss. 135, 174 So. 80.

We ourselves have discussed the problem of jurisdiction as recent as Fischer, etc. Storage Co. v. Iowa State Tax Comm., 248 Iowa 497, 507, 81 N.W.2d 437. Therein we compared our former decisions in The Cedar Rapids & M. R. R. Co. and The I. R. L. Co. v. Carroll County, 41 Iowa 153, and Lamont Savings Bank v. Luther, 200 Iowa 180, 185, 204 N.W. 430, and State v. Woodbury County, 222 Iowa 488, 492, 269 N.W. 449, relied upon by plaintiff. The penalty in the first two cases, we said, was mandatory and the statutes conferred no authority to waive it. However, in the Woodbury County case, although the court did not discuss the proposition, it did find under the circumstances the penalty should be waived. In the Fischer case we found the statutes more similar to those in the Woodbury case and voided the penalty.

■ Although the question is troublesome, we think the

better rule is that where the penalty, as here, is by statute made a part of the tax, and there is no authority given to rebate or waive the penalty, courts have no power to forgive the same. Some jurisdictions require specific legislative authorization for the courts to relieve. Camden Fire Ins. Assn. v. Johnson, supra, 42 Cal. App.2d 528, 109 P.2d 447, 448. Others seem to hold if there is power granted anyone to review and relieve from penalty, then courts of equity will review that decision. It appears we have recently been following the latter rule. Although a statute providing a mandatory penalty without waiver discretion in anyone cannot be remitted even by a court of equity, it is not so clear where some official is given discretion to review and waive the penalty. Perhaps equity should review that discretion, at least to determine whether it was abused. 19 Am. Jur., Equity, section 10, page 45.

Here, as plaintiff points out, we have a left-handed authority to remit, if any, in the treasurer. Section 324.64 provides that "The treasurer shall not remit any part of a penalty for delinquent payment where the delinquency results from the fact that a check given in payment is not honored because of insufficient funds * * *." It argues from this prohibition the legislature has given the treasurer in other cases the power to remit. We find it unnecessary to pass upon the jurisdictional question here, for under the stipulated facts we think a court of equity must find plaintiff was solely at fault and that it had the ability to avoid the situation which resulted in the delinquency.

III. Before equity will grant relief in cases involving the fixing by statute of a penalty for failure to comply with filing requirements, it usually must appear that the one claiming the equity by his own diligence or foresight could not have prevented the alleged prejudicial situation. Swartz v. Atkins, Tenn., 315 S.W.2d 393.

Although it is true penalty sections are strictly construed against the taxing authority, the excuse offered for not complying with the plain and unambiguous requirements of this statute leaves us no choice. The plaintiff's agents were within a few steps of the post-office window at a time when

the envelope containing the report and remittance could have been presented and the postmark obtained by a postal attendant. However, they chose to rely upon the practice that some postal employee would gather the letters and postmark them before midnight. As we have pointed out, this did not meet the clear statutory requirements, and plaintiff is charged with knowledge of that fact. It had previously paid a penalty for late filing and was aware of its duty and the consequences of failure.

■ There is no merit in plaintiff's contention that the legislature made the postal department the treasurer's agent to collect or accept the report and remittance, that the failure of the postal agent to collect the mail from the drop box was the treasurer's error, and that were it not for that failure the letter would have been postmarked before midnight.

We find no such designation in the statute. The statute requires a postmark, not a mailing. Agency of the postal department is involved only in the administrative act of postmarking a tendered envelope. On the other hand, except for the significance of that act, the postal department remains the agent of the sender until there is a delivery to the sendee, and since plaintiff assumed the risk of a delay in a collection and stamping of the envelope, it has failed to show grounds for equitable relief. Its good faith in placing the envelope in a letter drop box, which in the ordinary course of events would have resulted in a timely postmark, is not sufficient to justify a rebate here.

We conclude plaintiff has failed to show compliance with the plain and unambiguous filing requirements of the statute, and due to its own failure to present and request a timely postmark on the letter of remittance, the penalty made mandatory for late filing by the statute should not be remitted. The judgment of the trial court, therefore, must be reversed.—Reversed.

All Justices concur.