[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR WAIVER OF INTEREST ON DELINQUENT SEWER USE FEES
Plaintiffs' counsel in these two cases has moved that chic court order that those members of the classes in these class actions who have not paid the increased sewer use fees due or their properties on and after February 3, 1987 not be required to pay the statutory interest due on such unpaid fees and, as well he requests that such property owners not be required to pay any lien fees resulting from such non-payment. See Conn. Gen. Stat7-258, 12-134, 12-146. The best estimate given to the court is that of the approximate 335 class members in these two actions that somewhere between thirty and fifty class members constitute this delinquent group.
The moving plaintiffs argue that to require that such property owners pay interest at the statutory rate of 18% is inequitable, particularly because this court has denied the plaintiffs' earlier motion that the 335 members of the classes be paid prejudgment interest in the amount of approximately $1,200,000.00. This argument is essentially equitable and their counsel acknowledges that the statutes providing that interest be paid on delinquent taxes are mandatory. The moving plaintiffs, however, offer no legal basis, statute or case law, that authorizes this court to grant their present request. The Town,[1]
on the other hand, claims that it is entitled to charge interest on the delinquent accounts at the statutory rate and to collect the lien fees involved. CT Page 10005
The moving plaintiffs' argument does not readily acknowledge that the basis for an award of prejudgment interest is a wholly different matter from their present request to bar interest payments on their unpaid sewer use assessments. This court recently set out at length the applicable law to be considered on a request for prejudgment interest in its October 30, 1991 "Memorandum of Decision on Plaintiffs' Motion for Entitlement to Prejudgment and Postjudgment Interest" in these two cases. It will not be repeated here, but it is apparent that the principles and considerations involved there are quite different from the issue to be decided here.
On the instant motion, wholly unlike the issue of prejudgment interest, this court has to deal with specific Connecticut statutory law. See Connecticut General Statutes7-258, 12-145, 12-146. The payment of interest on delinquent taxes is mandatory. Section 12-146 is entitled "Tax, when delinquent. Interest." This statute provides inter alia when a tax becomes "delinquent," it "shall be subject to interest from the date of such delinquent installment. . . ," that "the delinquent portion of the principal of any tax shall be subject to interest at the rate of eighteen per cent per annum from the time when it became due and payable until the same is paid. . ." and that "Each addition of interest shall become, and shall be collectible as, a part of such tax. . . ." Section 7-288 which concerns "Sewerage Systems" provides in part "Any charge for connection with or for the use of a sewerage system, not paid within thirty days of the due date, shall thereupon be delinquent and shall bear interest from the due date at the rate and in the manner provided by the general statutes for delinquent property taxes [this rate is 18% per cent per year. See General Statutes 12-145]. Each addition of interest shall be collectible as a part of such connection or use charge. Any such unpaid connection or use charge shall constitute a lien upon the real estate upon which such charge was levied from the date it became delinquent. . . ."
The statutory scheme plainly read makes the collection of interest in these circumstances mandatory. It is true that there is statutory authority for the abatement of taxes and interest but that is explicitly given to officials at he municipal level and not to a court. See e.g. Connecticut General Statutes 12-124.
As already indicated, the moving plaintiffs ask that their motion be granted because it is equitable to do so. It is a fundamental maxim that "equity follows the law." See 27 Am.Jur.2d Equity 123 and cases there cited. Equity will generally conform to established rules and precedents and will not change or institute rights that are defined and established by existing legal principles. See 27 Am.Jur.2d Equity 123; 30 C.J.S. CT Page 10006 Equity 103 at 1066 (1965). This serves as the basis for this maxim which teaches that as a rule a court of equity will follow the legislation and common law regulations of rights. Dunkin Donuts of America v. Middletown Donut Corp., 100 N.J. 166,495 A.2d 66 (1985). The United States Supreme Court has recently said that "Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law. . . . [A] court of equity cannot by avowing that there is a right but no remedy known to the law, create a remedy in violation of the law." I. N. S. v. Pangilian, 48 6 U.S. 87 5, 108 S Ct. 2210,2216, 100 L.Ed.2d 882 (1988). See also First Federal Sav. Loan Assoc. v. Swift, 321 A.2d 895, 898 (Pa. 1974). It has been pointed out that the maxim that equity follow the law is applicable to the interpretation of statutes and to matters of public policy. Sec. 27 Am.Jur.2d Equity 124. Indeed equity follows the law more circumspectly in the interpretation and application of statutory law than otherwise. Id. The Pennsylvania Supreme Court in a case where the rights of the parties were defined and formed by statute said: "Whenever there is a direct rule of law governing the case in all its circumstances, the [equity] court is as much bound by it as would be a court of law . . . where, as here, the parties rights are regulated and fixed by a comprehensive scheme of legislation, the maximum `equity follows the law' is entitled to the greatest deference [citing Missouri, Arizona and Nebraska cases]." First Federal Sav. Loan Assoc. v. Swift, supra. One court puts it this way:
 [6] II. In purely equitable claims equity will grant of refuse relief at its discretion, but when the claim is a legal claim or when the penalty is mandatorily fixed by statute, equity will as a rule apply the requirement of the statute and not relieve the claimant. Swartz v. Atkins, Tenn., 315 S.W.2d 393. The rule is well stated in 85 C.J.S. Taxation 1031c, page 599: `Although it has been held that the courts may, in the exercise of their equitable powers, abate or remit tax penalties under meritorious conditions, the more general rule is that, in the absence of statutory authorization, the courts have no power to receive delinquent taxpayers from penalties incurred by violations of the statutes providing therefore.' In 51 Am.Jr., Taxation, 975, p. 852, it is stated: `The penalty is imposed for failure to pay taxes when due, and the rule in most jurisdiction is that even though one in good faith litigates his liability to a tax until after it is due and payable, he is liable for the penalty or CT Page 10007 interest imposed upon delinquent taxpayers if the decision is adverse to him.' Also see Camden Fire Ins. Ass'n v. Johnson, 42 Cal.App.2d 528, 109 P.2d 447, 448; Texas Co. v. Dyer, supra, 179 Miss. 135, 174 So. 80.
Miller Oil Co. v. Abramson, 252 Iowa 1058, 109 N.W.2d 610 (1961). The Washington Supreme Court has said:
 `In the absence of statutory authorization, the courts have no power to relieve delinquent taxpayers from penalties incurred by violations of the statutes proving therefor. * * *' 61 C. J. 1494, 2151; Lamont Savings Bank v. Luther, 200 Iowa 180, 204 N.W. 430; People ex rel. v. N.J. Sandberg Co., 282 Ill. 245, 118 N.E. 469; Cedar Rapids M. R. R. Co. v. Carroll County, 41 Iowa 153; Wright v. Atwood, 33 Idaho 455, 195 P. 625: People ex rel. Arkansas Valley, etc. v. Burke, 72 Colo. 486, 212 P. 837, 30 A.L.R. 1085.
In Re Elvigin' Estate, 191 WA 614, 71 P.2d 672 (1937).
The moving plaintiffs have not persuaded the court that it possesses the power in equity to do what they ask. The statutory dictates are mandatory and the court has no authority to grant their request in these circumstances. The operation of the principles cited requires the court to deny their motions: these principles have been held to prevent equitable relief even where such interest has largely accumulated while litigation has been pending with reference to the validity of the tax involved. See Cedar Rapids M.R. Co. v. Carroll County, 85 C.J.S. Taxation, 1031K), 41 Iowa 153 (1875), Hartford v. Hill, 72 Conn. 599,45 A. 433 (1900).
The motion to preclude and/or prohibit the paying of interest on the unpaid increased sewer use fee billings is denied. It follows that the lien fees imposed for such unpaid billings must be paid for by those plaintiffs against whose properties liens for such unpaid billings have been filed.
Arthur H. Healey, State Trial Referee